# Peter J. Dennis *v.* Pittsburg & Castle Shannon R. R., Appellant.

*Negligence—Railroads—Passenger—Place of danger—Contributory negligence—Presumption—Evidence.*

In an action by a passenger against a railroad company to recover damages for personal injuries, the case is for the jury where plaintiff's evidence, though contradicted, is in effect that plaintiff approached a train where a large number of persons were waiting to get on; that the conductor called out, "there is lots of room inside here; this train is going out right away;" that plaintiff got on the platform to get in the car, but at the door found that it was so crowded that he could not push in; that others so crowded up behind him that he could not get down from the platform; that the car started, and the conductor, who was on the platform, immediately began taking up the tickets; that one passenger, by his ticket, was on the wrong car, and the conductor commanded him to get off and commenced pushing aside the passengers on the platform to enable this man to get down the steps, when plaintiff was pushed off backwards through the opening in the platform railing and injured.

In such a case, as there was no accident to the means of transportation, no presumption of negligence arose against the railroad company, and plaintiff was bound to prove affirmatively the negligence of defendant.

Argued Nov. 6, 1894.  Appeal, No. 93, Oct. T., 1894, by defendant from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1893, No. 609, on verdict for plaintiff.  Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.  Before KENNEDY, P. J.
The facts appear by the opinion of the Supreme Court.
Defendant's request for binding instructions was refused:
Verdict and judgment for plaintiff for $800.

*Error assigned* was above instruction, quoting it.

*S. B. Schoyer, S. Schoyer, Jr.,* and *J. M. Cook* with him, for appellant.—The burden of proof was on plaintiff in this case, not only to affirmatively prove appellant's negligence, but to disprove his own contributory negligence: Herstine v. R. R., 151 Pa. 244.

Plaintiff having been injured while riding in a place of known danger, has the burden not only of proving that he was free from negligence while there, but must prove that he was there from necessity and not from choice: R. R. v. Hoosey, 99 Pa. 492; Langdon v. R. R., 92 Pa. 21; Wills v. R. R., 129 Mass. 351; Torrey v. R. R., 147 Mass. 412; Hickey v. R. R., 14 Allen, 429; Graville v. R. R., 105 N. Y. 525.

It was negligent in plaintiff, as a matter of law, to place himself in the above position, and remain there without holding to the rails: R. R. v. Hoosey, 99 Pa. 492; Malcom v. R. R., 106 N. C. 63; R. R. v. Bisch, 120 Ind. 549; Wills v. R. R., 129 Mass. 351; Meesel v. R. R., 8 Allen, 234; Ward v. R. R., 11 Abbott's Pr. N. S. 411; Walling v. Ry., 97 Pa. 55.

Plaintiff actually saw and knew before he got upon the platform that, owing to the crowded condition of the car, he would be obliged to ride upon the platform.

The reasoning of those cases which decide the failure to provide a seat does not justify a passenger in riding on the platform, supports the above contention and applies equally to the

case of a passenger who boards a crowded train, knowing that he will not be able to get inside. He should appeal to the law for redress: Siner v. R. R., 8 L. J. Ex. 98; Lucas v. R. R., 6 Gray, 64; Saunders on Neg., 25 and 26; Granville v. R. R., 105 N. Y. 525.

One who leaves a place of safety without excuse and takes a position on the platform is guilty of contributory negligence: Hoosey v. R. R., 99 Pa. 492; Hickey v. R. R., 14 Allen, 429; Torrey v. R. R., 147 Mass. 412; Raymond on Imposed Duties of Carriers, § 227.

*James S. Young, S. U. Trent* with him, for appellee.—Plaintiff was not in a position necessarily of danger, being on the rear platform of the car, which was practically a street car operated by a cable. If the place was one of danger he was there by the invitation of the conductor, and there by necessity, because defendant had invited him to that place under the belief that he could get into the car, and had then made it impossible for him to descend from the platform by permitting others to get onto the platform with him, hemming him in on either side. It was a case for the jury.

OPINION BY MR. JUSTICE DEAN, Jan. 7, 1895:

The defendant operates a narrow guage railroad running about seven miles out of Pittsburg. On the 18th June, 1893, defendant, to accommodate a German society in an excursion to West Liberty, on the line of its road, ran excursion trains to that point, from Carson street in Pittsburg. The route was up an incline railway from Carson street to summit of a hill, then down an incline operated by a cable, 1300 feet, to foot of hill on the other side, where the cars were attached to a locomotive which took them to West Liberty. The plaintiff, with his son and a friend, took passage at Carson street, ascended the incline, then got off to enter the cable cars to descend to the level. Here there was a large crowd of people, all, as usual on such occasions, eager to enter the cars, there were two trains scheduled to start ten minutes apart, of four or five cars each, standing ready; plaintiff and his son and friend got upon the rear platform of the first train; the car was very full of passengers; the train started and had moved but

two or three hundred feet when plaintiff was pushed and fell to the ground, dislocated his elbow and sustained other injuries which have seriously disabled him. He brought suit against defendant for damages, alleging the fall from the car was in consequence of its negligence in so crowding the body of the car with passengers that he could not get inside, and in so crowding the platform after he was upon it that he could not get off before starting or maintain his place upon it afterwards. There was a verdict and judgment for plaintiff, from which defendant appeals, assigning for error the refusal of the court on all the evidence to direct a verdict for defendant.

The court instructed the jury that if plaintiff got on the platform when he saw the car was so crowded he could not get in ; or if having got on and then before the car started saw its crowded condition but did not get off ; or without any necessity for so doing remained on the platform after the car started, he could not recover.

But appellant alleges there was not sufficient proof of any negligence of defendant, while the proof was undisputed of contributory negligence on part of plaintiff.

Undoubtedly, as the injury did not result from any accident to the train, nor from any defect in the means of transportation, the burden of proof throughout was on plaintiff to show his injury was the result wholly of defendant's negligence. He was standing in a known place of danger, one not intended for passengers, after the car started, and then fell or was pushed off. In other words, there are no presumptions in his favor or against the defendant. How came he to be in a place of danger where he had no business to be ? His place was inside the car, not on a crowded platform. The plaintiff, his son, and his friend Shantz, undertake to account for this otherwise manifest negligence, in substance thus: He got off the car when it reached the summit of the incline ; the two trains were standing there and about them was a large crowd , in looking for a car to enter, the three passengers were separated ; the son got to the rear car of the first train ; the conductor was standing by it and said, " There's lots of room inside here ; this train is going out right away." He immediately found his father and Shantz, repeated what the conductor had told him, and they all got on the platform to get in the car, but

at the door found it was so crowded, they could not push their way in; then, others so crowded up behind them, that they could not get down from the platform.

The car started and the conductor, who was on the platform, immediately began taking up the tickets; one passenger, by his ticket, was on the wrong car, and the conductor commanded him to get off, and commenced pushing the passengers on the platform aside to enable this man to get down the steps, when plaintiff was pushed off backwards through the opening in the platform railing and injured. There was much evidence to contradict this statement of the facts, but still there was sufficient testimony to warrant the jury in finding it to be true. If true, the plaintiff, through the invitation of defendant, was in a place of danger from which he could not extricate himself without risk of greater danger; then, by the rude manner of defendant's agent, he was jostled or pushed from the car. He was on the platform of a crowded car, by fault of defendant, and was pushed therefrom by fault of defendant. The testimony of defendant that the car was not crowded; that, if crowded, it must have been obvious to plaintiff before he got on the platform; that the conductor did not invite passengers to get on after it was reasonably filled; that he did not rudely push or jostle those on the platform, was all submitted to the jury by the learned judge of the court below in a charge which, while just, was quite favorable to defendant. That was the end of the court's duty and is the end of ours.

The judgment is affirmed and the appeal is dismissed.