## Houston & Texas Central Railway Company v. W. C. Bryant et al.

Decided February 25, 1903.

**1.—Carrier of Passengers—Negligence—Crowded Trains.**

It is not negligence per se for a railway company to fail to furnish passengers with seats in its cars and to allow them to board a car where there are not enough seats for all.

**2.—Same—Standing on Platform—Abrogation of Rule.**

Where a passenger standing on the platform was told by the conductor and porter that the position was dangerous and requested to enter the car, the customary violation of the rule as to riding on the platform could not be invoked to relieve the passenger's act of negligence.

**3.—Same—Action for Death—Damages to Wife—Separation.**

A charge that if the widow of the deceased passenger had voluntarily abandoned her husband with the fixed purpose of never returning to him, wholly repudiating the relation of wife, and had determined not to receive any benefits or aid from him had he lived, she was not entitled to recover for negligence causing his death, is held to have been properly refused as an invasion of the right of the jury to pass upon the facts and determine whether the wife was damaged by the death of her husband.

**4.—Same—Drunkenness—Contributory Negligence—Proximate Cause.**

Where a passenger, although acting with reasonable prudence in taking his position on the platform of the car, falls therefrom because of his intoxication, such drunkenness is the proximate cause of the resultant injury, and recovery can not be had therefor.

Appeal from the District Court of Ellis. Tried below before Hon. J. E. Dillard.

*Baker, Botts, Baker & Lovett* and *Frost, Neblett & Blanding,* for appellants.

*A. A. & Y. D. Kemble,* for appellees.

FLY, Associate Justice.—This is a suit for damages alleged to have arisen from the death of Will Bryant, instituted by W. C. Bryant and M. M. Bryant, his parents, and Lila Bryant, his widow. The recovery was for $4000.

The facts established that Will Bryant got on a crowded car in Dallas to go to his home in Rice. He took a position on a platform of the car. The evidence was conflicting as to whether there was room in the car. Just before reaching Ferris, Will Bryant fell from the train and was killed. He was 17 years of age, and had, a few months before his death, been married to Lila Bryant, a girl 13 years of age, from whom he had separated.

We do not deem it necessary to take up the questions presented by the numerous assignments of error and discuss them, but will advert only to those points that appear to be of importance. The following charges were given by the court:

"Fourth. It is the duty of a railway company carrying passengers to

furnish a sufficient number of coaches to supply all its passengers with room and seats inside its coaches, and a failure to do this is negligence.

"Fifth. It is the duty of a railway company carrying passengers to have its passenger coaches and the means of getting on and off of them in a safe condition, and a failure to do this is negligence on the part of such railway company.

"Sixth. It is the duty of a railway company to carry passengers on its trains, and it is still a higher duty to carry them safely.

"Seventh. If on public or otherwise exceptional occasions it is reasonably apparent to a railway company carrying passengers that an unusually large number of persons will apply to be carried, then it is the duty of the railway company and the managers of its passenger trains to provide sufficient means of transportation to accommodate all applicants with room and seats in the coaches, if that can reasonably be done, and if it is not practicable to furnish such means of transportation, then the duty to carry safely should control, and to overcrowd the coaches in such manner as to endanger the safety of passengers by reason of such overcrowding would be negligence on the part of the railway company.

"Applying these definitions of negligence and contributory negligence and care to the case now in hand, the court charges you:

"Eighth. If the defendant railroad company, its servants, agents, or employes in charge of the passenger train at the time and place of the negligence, injury and death complained of in the petition (if they did so occur) knew, or had reason to believe, or could have known by the exercise of such reasonable diligence that the passenger train on which the deceased, W. C. Bryant, Jr., took passage, and from which he was so killed, was or would be so crowded with passengers as to render it impracticable for all the passengers to have room and seats inside the coaches, then, in such case, it was the duty of the defendant railway company to furnish additional coach room, if that could be reasonably done, and if it was not reasonably practicable so to furnish such additional room, then it was the duty of said railroad company, its servants and employes, to take only so many passengers as could be furnished room and seats in the coaches then available. And if the said W. C. Bryant, Jr., was received as a passenger as alleged, and if there was not room inside the coaches for him to be seated, and if the defendant company, its agents, servants or employes in charge of said train knew, or by the use of reasonable diligence could have known, such crowded condition of the coaches, then to receive and undertake to carry W. C. Bryant, Jr., as a passenger under such conditions was negligence upon the part of the defendant company. And if under such conditions a man of ordinary prudence would have taken a position on the platform, or would have been practically under the necessity to take that or a like dangerous position, then, in such case, the deceased W. C. Bryant, Jr., would not be chargeable with contributory negligence on account of being on the platform.

"Ninth. If there was a broken or defective car step to the coach on

which deceased, W. C. Bryant, Jr., was riding, in case he was riding as a passenger on defendant's coach or train, and if the defendant railroad company, its agents, servants or employes in charge of such train or coach knew, or by the exercise of reasonable diligence could have known, of such broken or defective car step, and if without negligence of W. C. Bryant, Jr., such broken or defective condition of the car step was the cause of the fall and death of W. C. Bryant, Jr., then the defendant company would be liable in damages to the plaintiff. If said deceased W. C. Bryant, Jr., was on or about such car step by reason of defendant company, its agents, servants or employes, in having failed to furnish room in its coaches, if they did so fail, and if such defect in the car step, if any, was unknown to said Bryant, and would not have been known to a man of ordinary prudence under the same or like conditions, then in such case the said Bryant is not chargeable with contributory negligence in being on or about such broken car step."

We can not subscribe to the doctrine, enunciated by the charge, that a railroad company is guilty of negligence as a matter of law because it does not furnish a seat for each passenger who may get on its cars. There is no statute requiring railway companies to furnish seats for passengers, nor does proof of a failure to furnish a seat for a passenger make out such a case of negligence as would justify a judge in depriving the jury of the prerogative of passing upon the facts. The right given juries of exclusive determination of the weight of the evidence and the credibility of witnesses has been most carefully guarded by statute and zealously enforced by judicial construction, and no appellate court can or will countenance or approve any attempt to weaken such prerogative or detract from its full force and effect. As said by Judge Roberts in the case of Railway v. Murphy, 46 Texas, 356: "The judge is forbidden by law either to aid a jury, or to infringe upon their province in weighing the evidence, or in deciding upon the facts, in every case submitted to them. It presupposes that the jury is as competent to find the facts as the judge is to decide the law. This admits of no exception so far as his duty is concerned, whether the facts are plainly established by the evidence, for one side or the other, or are complicated or doubtful."

In the case of Railway v. Gascamp, 69 Texas, 547, it was said: "According to the rule in this court, in order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hestitation or doubt, that no careful person would have committed it." The rule is still more rigidly stated in Railway v. Hill, 71 Texas, 451: "We have been cited to no case where it has been held competent for the court to charge upon any particular combination of facts as constituting negligence, save when so declared by law. Courts have insisted upon the right in plain cases to exercise such prerogatives, but it has been a barren right, and no exercise of it has been known to us by our courts."

The statutes of Texas, as well as the decisions of its appellate courts,

have gone as far perhaps as the laws of any State in the Union to protect the prerogative of juries to pass upon facts, but Texas does not stand alone in demanding that in cases similar to that under consideration the question of negligence must be left to the jury.    In the case of Werle v. Railway, 98 N. Y., 650, the car was crowded, no seat was vacant, and the passenger, with others, took a position on the platform. The train on turning a curve ran at a high rate of speed, and the passenger was thrown off and killed.    The Court of Appeals of New York held that the case presented questions of fact to be determined by a jury.    In Dennis v. Railway, 31 Atl. Rep., 52, a Pennsylvania case, a passenger was told by the conductor that there was room inside the car, but there was not, and he stood on the platform and was pushed off and hurt, and the court held that the question of negligence was one for the jury.

In the case of Burton v. Ferry Company, 114 U. S., 474, a woman got on a crowded ferry boat and could not procure a seat, and while standing was thrown down and injured by a lurch of the boat in landing. The contention was that the trial court erred in refusing to instruct the jury that the defendant was guilty of negligence in failing to furnish the injured party with a seat.    It was held to be a question of fact for the jury.    In the case of Goodwin v. Railway (Maine), 24 Atl. Rep., 816, a passenger was thrown from the platform of a crowded car, and the court said:    "The plaintiff's counsel urges that the jury was the legal tribunal not only to determine all the facts and circumstances, but also to adjudicate whether the acts or omissions of the parties were prudent or negligent.    This is true; we have repeatedly so held."

In view of the fact that the charges are so repugnant to the letter and spirit of our statutes, and so antagonistic to Texas decisions, it was doubtless unnecessary to cite the decisions of other States, and it was only done to show that the doctrine is peculiarly applicable to the facts in this case, for in each one of the cited cases the passenger was killed or injured by being thrown from the platform of a crowded car.    Under the terms of the charges it was the absolute legal duty of the railway company to furnish room and a seat for the passenger, regardless of the circumstances surrounding it, and the only question left to the jury was to determine if deceased had acted with ordinary prudence in standing or sitting on the platform or steps of the car.

It must not be understood that this court holds that a railway company is not under obligation to furnish accommodations for its passengers, but on the other hand we hold that ordinarily a railroad is bound to furnish seats and other accommodations for those occupying its cars as passengers, but when it fails to furnish such accommodations a trial court is not justified in declaring such failure negligence per se.    Such failure is only evidence of negligence, to be weighed and considered by a jury.

In the seventh paragraph of the charge the jury was not only instructed that it was the duty of the railway company to furnish sufficient means of transportation and furnish all applicants with room and seats,

if that could be reasonably done, but it went further and instructed the jury that if room and seats could not be furnished, then the duty to carry safely should control, or in other words no passenger, however desirous he might be to board a train, should be allowed to do so unless he could be furnished with a seat. There might be circumstances under which a passenger might prefer to enter a car and stand up in the aisle rather than not make the journey, and we undertake to say that no railroad company could, as a matter of law, be held to be negligent in permitting him to exercise such privilege. It was for the jury to say whether, under the circumstances, appellant had been guilty of negligence.

It is claimed by appellees that the case of Railway v. Blau, 62 S. W. Rep., 552, decided by this court, sustains the charge given by the court. The contention is not sustained by the decision in that case. In that case it was held that the existence of certain facts constituted negligence and it was not error to so inform the jury, and such opinion may be justified because it was utterly impossible for such facts to exist without constituting negligence and nothing could prevent it from being negligence. A railroad company might fail to furnish a seat for a passenger and yet not be guilty of negligence. Railway v. Morris, 94 Texas, 505.

The court instructed the jury that if the rule prohibiting passengers from riding on platforms was usually and customarily disregarded, with the knowledge of appellant, the abrogation of the rule will be presumed, and the conduct of deceased should be considered without reference to such rule. The uncontroverted evidence showed that the conductor and porter had requested deceased to enter the car and not remain on the platform, but that he refused to do so, and no custom could relieve him from the effect of notice that his presence on the platform was contrary to the wishes of the railroad company. The customary violation of the rule could not have influenced the action of deceased when he was told that it was dangerous on the platform and was requested to enter the car.

Special charges numbered 2, 4, 5, 6, 7, 11, 12, 13, 14 and 16, requested by appellant, were properly refused, as each one of them declared that certain acts on the part of Will Bryant constituted contributory negligence. They are subject to the same objections urged against the charge of the court.

Appellant requested the following charge: "If from the evidence you believe that the plaintiff, Lila Bryant, widow of Will Bryant, voluntarily abandoned her husband with the fixed purpose of never returning to him, and wholly repudiated the relation of wife to Will Bryant, and had determined not to receive any benefits or aid from him had he lived, then his death under such circumstances inflicted no injury upon her, and consequently, though you may believe Will Bryant's death was the result of negligence on the part of defendant, no recovery can be had by her." The charge was properly refused. It was a clear invasion of the right of the jury to pass upon the facts, and determine whether the wife was damaged by the death of her husband.

It was alleged in the answer that the death of Will Bryant resulted

from his standing on the platform of the car while drunk, which rendered him careless and incapable of properly protecting himself from danger. There was evidence tending to establish the allegation. The court charged the jury that drunkenness alone would not be contributory negligence. "But if while either drinking, drunk, or sober, the said decedent went upon the platform of the car, and if so going on the platform was an act which a man of ordinary prudence would not have done under the circumstances then existing, then if so being on the platform was the immediate or proximate cause of his death, then in such case he would be chargeable with contributory negligence, and the plaintiff would not be entitled to recover." The charge was calculated to lead the jury to believe that if the deceased acted prudently in going upon the platform, he was not guilty of contributory negligence, although he would not have fallen from the platform but for his drunkenness. Will Bryant may have acted with reasonable prudence in taking his position upon the platform of the car, still, if after assuming that position his intoxication caused him to fall from the platform, such drunkenness would be the proximate cause of his death, and his wife and parents could not recover damages. There was no evidence that justified the recovery of exemplary damages, and that issue should not have been submitted to the jury.

We have considered every matter, deemed of importance, raised by the fifty-three assignments of error. For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*