ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. CHRISTIAN. (No. 1132.)

(Court of Civil Appeals of Texas. Texarkana. July 2, 1914. Rehearing Denied Oct. 8, 1914.)

1. CARRIERS (§ 348*)—INJURIES TO PASSENGERS — FALLING FROM TRAIN — DEFENSES—INTOXICATION.

In an action for injuries to a passenger, by falling from an open vestibule, there being evidence that he went to the vestibule to drink liquor, and that he was intoxicated at the time, defendant was entitled to the giving of a request to charge that the verdict should be for it, if, when plaintiff was injured, he was under the influence of liquor, and had he not been so, he would not have fallen from the platform; since, while intoxication is not negligence per se, that condition, when voluntarily brought on, does not relieve the individual from the duty to exercise the same degree of care for his own safety that is exacted of persons not so affected.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1405; Dec. Dig. § 348.*]

2. CARRIERS (§ 348*)—INJURIES TO PASSENGER — CONTRIBUTORY NEGLIGENCE — INSTRUCTIONS.

In an action for injuries to a passenger, while intoxicated, by falling from the open vestibule of a railroad coach, the court charged that if an ordinarily prudent person would not have gone on the platform under similar circumstances, and if in attempting to go into the coach plaintiff fell through the vestibule trap and door open, or if plaintiff was intoxicated and such condition contributed to cause him to fall from the train, and an ordinarily prudent person would not, under the circumstances, have gone on the platform in such condition, then, in either event, he was negligent and could not recover, though defendant was negligent in leaving the trap and door open. At defendant's request, the court also charged that, if plaintiff was under the influence of liquor, such fact would not relieve him of the duty to exercise the same care for his own safety that would be exercised by an ordinarily prudent person under similar circumstances, and that defendant was not required to use a higher degree of care for his safety than it was required to use for other passengers, and that, if the jury believed that had plaintiff exercised the required care he would not have been injured, then he could not recover. Held, that neither of such instructions presented the isolated question of plaintiff's intoxication, as a contributing cause, as explicitly as defendant had a right to demand.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1403–1405; Dec. Dig. § 348.*]

3. TRIAL (§ 260*)—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

Where the court charged that, if the jury believed that plaintiff, when he fell from the open vestibule of defendant's coach in which he was riding, was intoxicated, that fact would not relieve him from the duty of exercising the same care for his own safety that would be exercised by an ordinarily prudent person under similar circumstances, nor was defend-ant required to use greater care to provide for his safety than for other passengers, and that, if plaintiff had used the required care for his own safety, he would not have been injured, then he could not recover, such instruction sufficiently covered a request to charge that plaintiff was negligent if he went on the platform to drink liquor, or drank liquor there, based on a statute prohibiting the drinking of liquors on railroad trains.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for injuries to an intoxicated passenger by a fall from the open vestibule of defendant's coach, an instruction that the doors of the vestibule should have been closed and that it was negligence on defendant's part not to use a high degree of care to accomplish that end, was erroneous as on the weight of the evidence; there being no duty on the carrier, as a matter of law, either to provide passenger coaches with vestibules or to keep the doors thereof closed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by J. M. Christian against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

E. B. Perkins and D. Upthegrove, both of Dallas, and Marsh & McIlwaine, of Tyler, for appellant. Lasseter & McIlwaine and N. A. Gentry, all of Tyler, for appellee.

HODGES, J. In October, 1910, the appellant ran a special vestibuled train, in two sections, ten minutes apart, from Tyler, by way of Corsicana, to Dallas and return, to accommodate people attending the state fair. These trains were transported over the appellant's line to Corsicana, where they were transferred to the tracks of the Trinity & Brazos Valley Railway and by the latter carried to Dallas and back to Corsicana, at which place they were again transferred to the appellant and brought over its line to Tyler. The appellee, J. M. Christian, was a passenger on the return trip from Dallas on the first section of that train. After leaving Corsicana, and some time near midnight, and while between stations, the appellee fell from the platform of the car in which he was riding, and sustained injuries for which he brought this suit.

The testimony shows that after leaving Corsicana the appellee, in company with one Charles Erwin, went to the front platform of the coach in which he was riding, and stood there for some time. Erwin had a bottle of whisky, from which he drank and invited others to drink, and appeared to be under the influence of liquor. After the appellee and Erwin had been standing on this platform for some time Erwin rushed into the coach and announced that the appellee had fallen from the train. The door and "trap"

of that end of the coach were open, and presumably the appellee fell from the steps or platform by reason of the door and "trap" being left open. The next coach in front of the car occupied by the appellee and his companions was the baggage car, and there was no occasion for passengers to pass upon that platform except in getting on and off the train at stations, or as a loitering place. The testimony was conflicting as to whether or not the appellee was intoxicated at the time he fell from the train. While admitting that he had previously taken several drinks of beer and whisky, he denied being under the influence of drink. He had no recollection of how he fell or what particular circumstance caused him to fall. The fall rendered him unconscious, and he remained by the side of the track in that condition for several hours until picked up by other parties the next morning. Charles Erwin, who was with him at the time. and who appears to have been the only eyewitness to the fall, did not testify upon the trial. After the information given to the train employés that the appellee had fallen, the conductor was requested to stop the train in order that friends might go back and look for him. This was refused upon the ground that the train was being run in sections, and the second section was only about ten minutes behind. Appellee's friends were therefore compelled to go on until the next station was reached, when they got off and returned on the next train going in that direction. Some time after sunup they found the appellee lying by the railroad track in an unconscious condition. He remained in that condition for some hours afterwards.

The appellee alleged negligence in two respects: (1) In permitting the vestibule and "trap" doors to be left open; and (2) in failing and refusing to stop and back the train to the place where the appellee had fallen off, or to stop the train so that the appellee's friends might go to his assistance. The appellant pleaded general denial, contributory negligence, and specially pleaded that the appellee was intoxicated at the time he fell from the train, and that his fall was directly and proximately caused by that condition. The jury returned a verdict in favor of the appellee for $1,500.

[1] The first group of assigned errors complain of the refusal of the court to give six special charges requested by the appellant. These charges, in effect, asked the court to instruct the jury to find for the defendant if they believed from the evidence that at the time the plaintiff was injured he was under the influence of beer or whisky, and that had he not been under the influence of such intoxicant he would not have fallen from the platform. While intoxication is not per se negligence, that condition when voluntarily brought on does not relieve the individual of the duty of exercising the same degree of care and prudence. for his own protection that is exacted of those not under the influ-

ence of liquor. If at the time the appellee fell from the train he was to any extent under the influence of intoxicants and that condition caused him to fall; in other words, if he would not have fallen had he not been in such condition, then he is not entitled to recover, and the jury should have been so instructed. H. & T. C. Ry. Co. v. Bryant, 31 Tex. Civ. App. 483, 72 S. W. 885; Fox v. Mich. Central Ry. Co., 138 Mich. 433, 101 N. W. 624, 68 L. R. A. 336, 5 Ann. Cas. 68, and notes; 3 Hutchinson on Carriers, § 1230.

[2] The court in his main charge gave the following instructions:

"If you shall find that an ordinarily prudent and cautious person, under the same or similar circumstances, would not have gone upon the platform, at the time and under the circumstances in which the plaintiff did, and if, in attempting to go into the coach, he fell through the vestibule trap and door, or, if you shall find that plaintiff was intoxicated on the occasion in question, and that his intoxicated condition (if you find he was in such condition) contributed in causing him to fall from the train, and if you find that an ordinarily prudent and cautious person would not, under the same or similar circumstances, have gone upon the platform in such condition, then, in either event, he was guilty of contributory negligence, and cannot recover, although you may also find that the defendant was negligent in leaving the said trapdoor open (if it did)."

At the request of the appellant he gave the following special charge:

"If you believe from the evidence in this case that plaintiff at and prior to the time of the accident was under the influence of intoxicating liquors, then you are charged that the fact that he was so under the influence of such intoxicating liquors would not relieve him from duty to exercise the same care and caution for his own safety that would be exercised by an ordinarily prudent person under similar circumstances, nor under the evidence in this case was the defendant required to use a higher degree of care and caution to provide for his safety than it was required to use in providing for the safety of its other passengers; and if you believe from the evidence that, had plaintiff exercised that degree of care and caution for his own safety that would have been exercised by an ordinarily prudent person under similar circumstances, he would not have been injured, then it will be your duty to return a verdict for the defendant."

It is contended by the appellee that these charges sufficiently submitted the issue embodied in the special charges requested and refused. We are of the opinion that neither of these charges presents the isolated question of intoxication as a contributing cause as explicitly as the appellant had a right to demand under the pleadings and the evidence. To have given all of the special charges requested upon that subject would have made the issue too prominent. The third special charge refused is as follows:

"You are charged that if you believe from the evidence that at the time of the accident plaintiff was under the influence of liquor to such an extent as to prevent him from exercising ordinary care and caution for the protection of his person, although he might not have been entirely under its influence, and that such condition of plaintiff caused or contributed to cause him to receive the injuries of which he

complains, it will be your duty to return a verdict for the defendant."

Either this or the fourth or the sixth requested charges should have been given.

[3] The seventh, eighth, and ninth assignments refer to a group of refused special charges which were intended as instructing the jury, in effect, that the appellee was guilty of contributory negligence if he went out on the platform of the car for the purpose of drinking intoxicating liquors, or drank such liquor while there. This proposition is based upon the fact that the drinking of intoxicating liquors on railroad trains is prohibited by law in this state. Without expressing any approval or disapproval of that proposition, we overrule the assignments upon the ground that the special charge given at the instance of appellant sufficiently covered the issue.

[4] The court gave as a part of his main charge the following:

"It was the duty of the defendant to use that high degree of care which a very cautious and prudent person would have used under the same or similar circumstances to keep the vestibule door and trap closed at the point where the plaintiff is alleged to have fallen off the train, and a failure to perform such duty would be negligence upon the part of the defendant. * * * Now, if you shall find that the trap and door to the vestibule were open at the point where the plaintiff is alleged to have fallen off the train, and if you shall find that such open condition of the trap and door resulted from a failure to exercise that high degree of care which a very cautious and prudent person would have used under the same or similar circumstances to have kept the vestibule door and trap closed, then if you shall further find that, as the direct and proximate result of the trap and door of the vestibule being open, as plaintiff attempted to go from the platform into the car he fell through said open trap and door, and was injured, you will find for the plaintiff, unless you find plaintiff was guilty of contributory negligence, or assumed the risk of injury therefrom, under the charge hereinafter given."

It is contended that this charge is on the weight of the evidence, and we think it is subject to the criticism. Dallas Con. El. Ry. Co. v. Stone, 166 S. W. 708 and cases cited. It, in effect, tells the jury that those doors should have been closed, and that it was negligence on the part of the railway company not to use a high degree of diligence to accomplish that end. There is no statute requiring railway companies to equip their trains with vestibules and doors like those upon the car from which the appellee fell. Neither is the use of cars without vestibules and doors so unsafe for the traveling public that the courts may assume, as a matter of law, that such equipments are essential to the proper discharge of the carrier's duty to its passengers. It is a matter of common knowledge that some passenger coaches have no vestibules. It is also well known that leaving those doors open does not make the cars to which they are attached any more unsafe than if the doors had never been placed

there. It was for the jury to say whether or not it was negligence to leave those doors open.

The assignments not discussed are overruled, but, on account of the errors indicated the judgment is reversed, and the cause remanded.