## BIRD et ux. v. SCHAFF et al. (No. 8023.)

(Court of Civil Appeals of Texas. Dallas. Nov. 16, 1918.)

1. CARRIERS ☞320(8)—CARRIAGE OF PASSENGERS—ASSISTANCE.

A carrier does not as a matter of law owe a passenger the duty of assistance in entering its cars, unless conditions exist showing that such assistance is necessary and it is apparent

to the employés of the carrier or is made known or is desired by the passenger.

2. CARRIERS ⬦⟿321(23) — CARRIAGE OF PASSENGERS—ACTIONS—INSTRUCTIONS.

In an action by a passenger, who, when struck by an alighting passenger, fell as she was mounting the step of the car, a special charge on the duty of carrier to assist passengers *held* properly refused under the evidence, as the act of the other passenger was an unexpected occurrence.

3. APPEAL AND ERROR ⬦⟿730(1) — ASSIGNMENTS OF ERROR—CONSIDERATION.

Appellant's assignment of error complaining of the refusal of a special charge *held* informal, but sufficient for consideration because showing the matter complained of.

4. TRIAL ⬦⟿194(18)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action by a passenger injured by a fall suffered when entering defendant's train, a special charge on defendant's duty to prevent other passengers from descending on those steps *held* on the weight of the evidence and properly refused.

5. TRIAL ⬦⟿260(8)—INSTRUCTIONS—REFUSAL OF REQUESTS COVERED BY CHARGE GIVEN.

In an action by a passenger injured when entering a train, the refusal of a special request on the carrier's duty towards passengers, etc., *held* proper; it being covered by the main charge.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by M. J. Bird and wife against C. E. Schaff, receiver of the Missouri, Kansas & Texas Railway Company of Texas, and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Evans & Sayle, of Greenville, for appellants.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellees.

RAINEY, C. J. Appellant brought this suit against the appellee as receiver of the Missouri, Kansas & Texas Railway Company of Texas, to recover for personal injuries occasioned to Mrs. M. J. Bird, alleging:

"That on the 24th day of June, A. D. 1916, the plaintiff Mrs. Mary Bird was in South McAlester and desired to be transported over the defendants' line of railroad to Greenville, Tex.; that she purchased a ticket from the agent of the receiver of South McAlester, entitling her to be carried from South McAlester to Greenville, Tex.; that, when the passenger train from the north came into South McAlester upon which the plaintiff intended to take passage to her point of destination, the train was crowded and the platform was crowded with passengers intending to board said train; that the conductor in charge of said train announced that the passengers on board would alight from the steps on the south side, and directed the passengers to board the train on the steps on the north side, while he stood between the two, giving directions.

"Plaintiffs show that Mrs. Bird had in her hand a heavy suit case and a parasol; that unassisted and unaided, but under the directions of the conductor or auditor, she attempted to board the train by going up the steps on the north side; that when she reached the top step, and while her right foot was upon the top step and her left foot was upon the platform, a passenger in a great hurry to get off the train, and instead of going down on the south side, ran against the plaintiff, Mrs. Mary Bird, striking her on her right shoulder and knocking her around and backwards, causing her to lose her balance; that she grabbed with her right hand to get hold of a rod at the top of the steps, and missed the same, and this caused her to fall, finally catching her handhold or rod at the lower end of the steps at the entrance, holding onto the same, and with her heavy weight, and the sudden jerk, she was caused to suffer serious and permanent injury in the right shoulder and in the spine in the cervical region near to and in connection with the brain.

"Plaintiffs show that it was the duty of the defendant, his agents and servants, operating said passenger train, to have assisted plaintiff in boarding the train; that the conductor or auditor or other servant who stood at the steps of the coaches of said train and gave directions to persons to alight and board same, as hereinbefore set forth, saw the plaintiff Mrs. Mary Bird, and saw that she was incumbered and knew that she needed personal assistance, yet, notwithstanding such knowledge, failed and neglected to assist her with her baggage, and failed to extend to her personal assistance in boarding said train; that it was the duty of the defendant, his agents and servants, to have required all passengers intending to alight from said train at said station to have alighted therefrom before passengers intending to board said train were directed to ascend said steps and board said train; or, if the conductor undertook to allow the alighting passengers to go down one set of steps while the boarding passengers were ascending another, it was the duty of such agent, auditor, and other servants so engaged, to have prevented any persons from coming down the steps on the north side where the passengers were boarding the train, yet, notwithstanding this duty, such agents or servants permitted some passengers or failed to warn said passengers and permitted said passengers without warning to attempt to come down the steps where the plaintiff Mrs. Mary Bird was ascending, thus crowding the step and steps and causing the plaintiff to receive and sustain the injury of which she complained in this petition; that it was the duty of said defendant, his agents and servants, to have exercised the high degree of care they owe passengers, and to have provided a reasonably safe method of alighting the passengers from the train, and of boarding passengers on said train, but, notwithstanding such duties, said agents and servants of the defendant were guilty of negligence in attempting to cause its passengers to board the train while other passengers were alighting therefrom, causing and permitting the passway to be crowded and overcrowded, and as a consequence causing the injury to the plaintiff as hereinbefore described; that by one or all of the acts of the negligence above described the plaintiff Mrs. Mary Bird was caused to suffer and sustain the injury of which she complains; and that by reason of said negligence plaintiffs have been damaged in the sum of $10,000, for which they sue and pray judgment."

The appellee answered by general and special demurrers, general denial, contributory negligence, assumed risk, and specially denying that plaintiff was injured, and if—

"she was suffering from any other bodily infirmity or disease, or physical capacity, such condition was not due to any accident, or to any fall which she has met or had at McAlester at the time alleged in her petition, but the same existed prior to the time, and the same were caused long before on different occasions when she was a passenger on said train of the Mis-

⬦⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

souri, Kansas & Texas Railway Company of Texas, and that she made claims against the said railway company for her damages at the time such damages were suffered or that she brought suit against the Missouri, Kansas & Texas Railway Company of Texas for such damages shortly after they were inflicted, and recovered large and full compensation for her said damages, and in such suits she claimed total permanent disability and recovered damages fully compensating her for such total permanent disability; wherefore she ought not to be permitted to recover damages in this suit, and she ought not to be maintained in this action."

Trial was had before a jury, and verdict and judgment rendered for appellee, from which this appeal is taken by appellant.

The first error presented by appellant is to the court's action in refusing to give a special charge which reads:

"If you find and believe from the evidence that, at the time of defendant's south-bound passenger train arrived at South McAlester, the plaintiff was on the station platform intending to board said train, and if you find that the plaintiff Mrs. Mary Bird had in her hand a heavy suit case and a parasol, and if you find that she needed assistance in boarding said train incumbered as she was, and if you find that the conductor or other servants who were standing between the two entrances to the train assisting the passengers to alight and directing passengers to board the train saw Mrs. Bird, and saw that she needed personal assistance, and if you find that said conductor or other servants failed and neglected to render her assistance, and if you find that Mrs. Bird, under the directions of the conductor or auditor, attempted to board the train by going up the steps to the north side, and as she reached about the top step, as alleged in said petition, a passenger in a great hurry to get off the train, instead of going down on the other steps provided for passengers alighting therefrom, ran against the plaintiff, while attempting to go down the steps that were being ascended by the plaintiff, and she was thereby injured in any or all of the ways alleged by her in her petition, and if you find that the failure, if any, of the auditor or conductor, to render her personal assistance in ascending the steps and boarding said train, was 'negligence' as that term is defined in the first paragraph of the court's general charge, and that such negligence, if any, was the proximate cause of the plaintiff's injuries, if any, then you will find for the plaintiff on this issue."

[1, 2] The carrier does not as a matter of law owe the passenger the duty of assistance in entering its cars, unless conditions exist showing that such assistance is necessary and is apparent to the employés of the carrier, or is made known or is desired by the passenger. There was nothing in the surroundings which made it apparent that Mrs. Bird needed or desired assistance to enter the car. There was nothing showing that the platform or steps of car were defective, and the evidence shows that Mrs. Bird was a heavy and stout woman used to physical labor, and she testified as follows:

"When the train came, it was thundering and lightning and raining, when we come out of the depot. As I came out of the depot, I came out with a lady with a baby about three weeks old. I came out on the platform. When that train come up there on the south end of the north coach, the people were going down and going up on the north end of the south coach, and it was raining hard. There were two places of entering the train. There was one here (indicating), and was down coming this way. I was at this end right here, and the conductor said, 'Go on up.' When I got here to the top and put my foot on the foot of the platform, I got in on this side. I could not tell you whether or not it was on the east or west side. The train was coming south. As well as I remember it was on the right side, right-hand side next to the station. When the conductor spoke to me, I went on up the steps. He was pointing at the steps of this coach, and he was standing at the steps to the other coach. I was carrying a large suit case. I had my left foot on the top step, and this lady came rushing down. The conductor saw that I had a suit case when he spoke to me. He saw the suit case. The lady came rushing out just right with me, and I started falling back, and finally fell. I finally caught my hand on the step of the coach, and, when I caught it, seemed like there was something tearing in my shoulder. I was taking my suit case on the train, when I had my suit case in my left hand, and purse and parasol in the right hand, and when I got to the top steps I had my right foot on the little platform between the coaches, and I left it on the top step, and a lady came out of the train, out of this coach, and just whirled and started down and ran against me and knocked my feet from under me, and I tried to catch, and when I caught all my weight was on my right hand, and it seemed that something was torn loose in my right shoulder, and I went on in the train. Nobody assisted me, but a negro porter. He assisted me when I got nearly back to the top of the step, and he came and carried my suit case into the coach."

On cross-examination she testified:

"The car that the passengers were alighting from was at the south end from me and the next car on the south of it, I got on at the north end of the car. When I got up there on the platform, I started to go to my right to go into the car. The people were all down the last time I went up. They were done going down. That was the second time I went up the step; did not fall to the ground, but fell plumb down to the bottom of the step. I caught with my right hand and held. That was a south car. I caught the rod. I said I caught hold of the rod when I stepped off of the step box. There was a step box there and I went up the steps. When I got to the top of the steps, I had my right foot on the platform and my left one on the top step, and the lady came out of the south car. We struck face to face, and that knocked me down and unbalanced me, and I began to try to catch, and then I caught with my right hand, and by that time I had stumbled down the steps. I was near the bottom of the steps, and I then went on up. When I got to the top of the steps, I just pulled myself on up, and then turned to the right, and went back into the car where I was told to go."

The appellant pleaded sufficiently the failure of appellee's employés to assist her on the car as an act of negligence, and, had the evidence shown any condition that existed at that time which warranted the court to charge thereon, it should have done so, as such is a question for the jury; but, the evidence standing as it does, we think it absolutely insufficient to raise an issue for the jury's determination. The fall by Mrs. Bird was caused by a lady coming out of the car Mrs. Bird was entering, running against her and causing her to fall. This was evidently an unexpected occurrence, which the company

could not have anticipated, and therefore not chargeable for Mrs. Bird's fall and injury. The collision of Mrs. Bird and the other lady passenger was covered by the court's charge, and the jury found against appellant. Latimer v. Railway Co., 40 Tex. Civ. App. 614, 90 S. W. 665; Railway Co. v. Bryant, 31 Tex. Civ. App. 483, 72 S. W. 885; Railway Co. v. Work, 100 S. W. 962.

[3] The second assignment of error presented by appellant is as follows:

"The court erred in refusing to give special charge No. 2 requested by the plaintiff as shown by the plaintiff's bill of exception No. 2."

The proposition submitted under said assignment is:

"It was negligence for the defendant to permit alighting passengers to go down the steps that he had undertaken to set apart for the use of boarding passengers without warning the plaintiff of the danger."

Following this is a statement setting out special charge No. 2, which was refused and is as follows:

"If you find from the evidence that on the night of the 24th of June, A. D. 1917, when the passenger train of the defendant arrived at South McAlester, the conductor undertook to allow alighting passengers to go down one set of steps while the boarding passengers were ascending another, you are charged that it was the duty of such agents, auditor, or other servants so engaged, if they were, to have prevented any persons from coming down the steps on the side where the passengers were boarding that train, and if you find from the evidence that said servants so engaged knew that one of its passengers was going down such steps or was likely to go down such steps or by the exercise of ordinary care could have known the same, and that is the passenger in coming down such steps was likely to collide with passengers boarding the train by such steps, and that it was dangerous to such persons boarding the train, and that said servants knew this fact, if it was the fact, or by exercise of that high degree of care defined by the court in the first paragraph of its charge, and that such servants in permitting passengers to undertake to alight at said place were guilty of 'negligence' as that term is defined in the first paragraph of the court's general charge, and that such negligence was the direct and proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff in this issue."

Appellee objects to the consideration of said assignment for the following reasons:

"(1) The assignment does not distinctly specify any error; (2) the assignment does not distinctly specify the ground of error relied upon; (3) the assignment in the motion for new trial is not copied in the brief, and therefore should be treated as abandoned."

The only reference to said special charge No. 2, where it is called No. 3, is found in section 6 of appellant's motion for new trial, which is as follows:

"The court erred in refusing to give special charge No. 3, requested by plaintiff, as shown by bill of exception No. ——, wherein the plaintiff requested the court to instruct the jury with reference to the duty of the servants engaged for the defendant in loading and unloading the passengers to have prevented any person from coming down the steps on the side where the passengers were boarding that train."

To strictly apply the rules in this case, we think the appellee's objection to the consideration of the assignment should be sustained; but, as the special charge is copied in appellant's statement under the assignment, we cannot say that he does not set forth what he complains of, though informally, and we will consider the assignment.

[4] Appellee urges that—

"Appellant's special charge No. 2 requested was on the weight of the evidence, in that the said charge made it the absolute duty of defendant to prevent any person from going down the steps of the car where other passengers were boarding the car, and, in effect, informed the jury that the defendant was guilty of negligence if any person attempted to descend the steps of a car where passengers were entering the car."

This is a fair criticism of the special charge and rendered it objectionable; therefore it should not have been given.

[5] The third paragraph of the court's charge substantially covered the special charge No. 2, which renders the refusal of same harmless. Said paragraph reads:

"Now, if you believe from the evidence that on or about the 24th day of June, 1916, the plaintiff Mrs. Mary Bird purchased a ticket from South McAlester, Okl., for the purpose of taking one of defendant's trains and traveling thereon to Greenville, Tex., and that upon said occasion the conductor in charge of said train, when it pulled into the station at South McAlester, gave orders to the passengers upon the train and waiting at the station for the passengers to alight from the train on the steps at the front end of one car and to board said train by means of the steps at the rear end of an adjoining car, and directed Mrs. Bird to proceed to board the train, and that while proceeding up said steps carrying a suit case in one hand and her umbrella and pocketbook in the other, a passenger leaving the coach that Mrs. Bird was entering ran down the steps and collided with her, and caused her to fall and receive the injuries, or any of them alleged in plaintiff's petition, and that the action of the conductor in permitting passengers to enter and leave said train by means of said two sets of steps as above set out, under the conditions existing at the time, if he did so, was 'negligence' as that term is defined in the first paragraph of this charge, and that such negligence upon the part of said conductor, if any, was the proximate cause of the accident and injuries, if any, to Mrs. Bird, you will find for the plaintiffs and assess their damages according to the rule hereinafter given you, unless you find for defendant under other instructions."

There was no error in refusing special charge No. 2, as complained of by appellant.

We have considered assignment 3, but consider it without merit.

The judgment is affirmed.