### SAN ANTONIO PUBLIC SERVICE CO. v. FRASER et al.

No. 9710.

Court of Civil Appeals of Texas. San Antonio.

Jan. 15, 1936.

Rehearing Denied Jan. 18, 1936.

Templeton, Brooks, Napier & Brown and Clinton G. Brown, Jr., all of San Antonio, for appellant.

Dielmann & Forster and Walter Groce, all of San Antonio, for appellees.

SMITH, Chief Justice.

Although the date does not seem to be disclosed in the briefs of the parties, the transaction here involved occurred in the days of the trolley car in the city of San Antonio. The fact is still fresh in common memory that those cars were divided into two classes, the one-man car, and the two-man car. The former was operated by a lone motorman, at the front end of the car, where all passengers both entered and left the car. The two-man car was operated by a motorman, stationed at the front end, and a conductor at the rear, and passengers could enter only at the rear door. That door was opened by a hand lever, operated by the conductor. The same movement which opened the door, automatically unfolded and let down a step, and by like process the closing of the door raised and folded the step. The open door exposed an upright iron or steel rod, or handhold, for the convenience and safety of persons entering or leaving the car. In entering, persons could, and usually did, step upon the step and, at the same time, or before, grasp the handhold, and, by its aid, step up to and upon the car platform. The handhold was not essential to the operation of getting into the car, but was almost universally used; it was, indeed, a great convenience, and was used, or not, according to the judgment, will, whim, infirmity, or assurance of the passenger.

On the occasion in question, one of appellant's two-man cars operated on Navarro street stopped, as usual, on the near side of Commerce street. A passenger, carrying bundles of merchandise in his arms, got on the car, the doors were closed, and the conductor signaled the motorman to proceed. At that moment, however, one Ray Fraser appeared at the front door, as if to enter; the motorman motioned him to the rear; the conductor, noticing the incident, opened the rear door; and Fraser, arriving at the rear, stepped upon the car step, reached for the handhold, but missed it, thereby losing his balance and falling backward to the pavement. He was so badly injured in the fall that he afterwards died as a result. During the whole transaction the street car was standing still, in place at a regular stop, and, the jury found, Fraser was irresponsibly drunk.

In the former trial appellees recovered upon a jury finding that the car step was negligently raised by the conductor when Fraser stepped thereon, and that this act of negligence was the proximate cause of his death. The judgment was reversed by the Eastland Court of Civil Appeals [70 S.W.(2d) 232], upon the ground that the evidence was insufficient to support the jury finding, and this holding was justified by a like finding by the jury upon the last trial. Upon the last trial appellees recovered upon the entirely new theory that the car step was negligently permitted to become "muddy and slippery," and that when Fraser, irresponsibly drunk, stepped thereon, his foot slipped, causing him to fall; and, upon the further theory, that appellant's servants negligently failed to exercise that care which they should have used towards a drunk man—that is, upon the doctrine of discovered peril, of a sort.

■ We are of the opinion that appellees failed to make out a case of discovered peril for the reasons: First, they failed to elicit the finding—essential to recovery under the doctrine of discovered peril—that appellant's employees discovered that decedent was in a situation of peril and realized, or at least should have realized, that he could not or might not extricate himself from the dangerous situation, and that said employees made such discovery in time to have rescued the decedent from that situation; and, second, the evidence was not sufficient to support even a surmise, much less a positive finding, of such facts. The decedent's situation did not become perilous until he reached for, and actually missed, the handhold, and it is perfectly obvious from the record that it was then too late for the conductor, or any other human agency, to save him from the fatal fall. We sustain appellant's sixth and seventh propositions.

■■ In submitting the question of contributory negligence, the court asked the jury to find if Fraser "failed to catch hold of the handhold as he was trying to get on the street car," which the jury answered in the affirmative, and, if so, "was such failure negligence," which the jury

answered in the negative. In connection with these questions, the court gave the jury the conventional definition of ordinary care, as "that degree of care that a person of ordinary prudence would use under the same or similar circumstances." Appellant objected to this definition as being incomplete, in view of the evidence, and established fact, that Fraser was in some degree intoxicated at the time of the accident. Appellant contended below, and contends here, that, notwithstanding his intoxicated condition, the law required of Fraser that same degree of care exacted of a sober person under such circumstances, and that the jury should have been so instructed. In support of its contention, appellant objected to the court's definition of ordinary care because of the omission of that element, and also requested a special instruction, in the nature of a general charge, embodying the rule invoked. The objection was overruled and the requested charge refused, by the trial judge, and appellant complains thereat in appropriate assignments and propositions. The rule is established in this, as well as in all other jurisdictions, so far as our investigation reveals, that the law requires a person who is voluntarily intoxicated to exercise the same degree of care and caution in avoiding danger as would a sober person of ordinary prudence under similar circumstances. 10 Corpus Juris, p. 1100, § 1484; 5 R.C.L. p. 58, § 697; 8 Tex.Jur. p. 743, § 550; Missouri, K. & T. R. Co. v. McGlamory, 89 Tex. 635, 35 S.W. 1058; Paris & G. N. R. Co. v. Robinson, 104 Tex. 482, 140 S.W. 434, reversing (Tex.Civ. App.) 127 S.W. 294; Galveston, H. & S. A. R. Co. v. Harris, 22 Tex.Civ.App. 16, 53 S.W. 599; St. Louis Southwestern R. Co. v. Christian (Tex.Civ.App.) 169 S.W. 1102.

■ Our courts have universally held that where the defendant's pleading and evidence raise the issue of contributory negligence, based upon the charge of intoxication, it is the duty of the trial judge, upon proper presentation of the question, to submit the element of intoxication for the consideration of the jury in determining the issue of ordinary care. Speer's Special Issues, § 580; Missouri, K. & T. R. Co. v. McGlamory, supra; Paris & G. N. R. Co. v. Robinson, supra. It is true that the cases cited were submitted upon general charges, as distinguished from special issues, but the Supreme Court held, nevertheless, that the defendants were' en-

titled, as a matter of law, to have the element of intoxication affirmatively submitted to the jury in connection with the issue of ordinary care. We see no reason why the defendants in such cases should be deprived of that valuable right of defense through the device of submitting their cases upon special issues.

The statute makes it obligatory upon trial judges, in cases submitted upon special issues, to "submit such explanations and definitions of legal terms as·shall be necessary to enable the jury to properly pass upon and render a ·verdict on such issues." Article 2189, R.S. 25.

That provision makes it mandatory upon the trial judge to define the term "ordinary care," when used in a submitted issue, and in doing so he must give a substantially correct definition. He gave the conventional definition in the case, as applied to a normal person; but an incomplete one as applied to the facts of this case, in that the definition was not made applicable to Fraser, who was not normal, but was under a disability voluntarily induced by his own antecedent conduct. Under the authorities cited, appellant, upon proper objection and timely request, was entitled to not only a correct, but an adequate, definition of the term "ordinary care," including the element of intoxication. The court therefore erred in refusing to submit that element for the consideration of the jury in determining the issue of contributory negligence. Appellees contend that the assignments and propositions by which appellant raises this question are insufficient because it does not appear that the court overruled appellant's objections to the definition given by the trial judge, or that appellant excepted to that ruling. There is no merit in these contentions, for the objections, the ruling of the court thereon, and the exception of appellant to that ruling, are clearly and fully shown of record.

Other law questions are raised in appellant's brief, but will no doubt be obviated upon another trial. In view of remand, it would not be proper in this opinion to discuss or pass upon the sufficiency of the evidence to support the jury finding upon the issue of the degree of the decedent's intoxication, or upon the fact or effect of the slippery step.

· There being no evidence sufficient to support the jury finding upon the theory of discovered peril, and the issue of con-

tributory negligence not having been properly and adequately submitted, it follows that the judgment must be reversed, and the cause remanded, and it is so ordered.