**DALLAS RAILWAY & TERMINAL COMPANY, Appellant,**

v.

**Kinzy FLOWERS, Appellee.**

No. 3314.

Court of Civil Appeals of Texas. Waco.

Nov. 10, 1955.

Rehearing Denied Dec. 1, 1955.

Burford, Ryburn, Hincks & Ford, Howard Jensen, Joseph M. Stuhl, Dallas, for appellant.

Chester A. Oehler, Chas. W. Tessmer, Dallas, for appellee.

McDONALD, Chief Justice.

This is a negligence case. Parties will be referred to as in the Trial Court. Plaintiff sued defendant for damages for injuries resulting from defendant running over plaintiff with a bus. Trial was to a jury, which convicted defendant of various acts of negligence and found that same were a proximate cause of plaintiff's injuries. The jury further acquitted plaintiff of contributory negligence, and fixed plaintiff's damages at $12,500. The Trial Court granted defendant a new trial on the grounds that a juror failed to divulge certain prior claims against defendant on voir dire examination, but thereafter set aside the order granting a new trial and entered judgment for plaintiff on the verdict.

Defendant appeals, contending: 1) That the jury's finding that plaintiff did not fail to keep a proper lookout, was against the great weight and preponderance of the evidence; 2) and was contrary to the undisputed evidence. 3) That the jury's finding that plaintiff did not attempt to cross the street outside the pedestrian marked walk was against the great weight and preponderance of the evidence. 4) That the Trial Court erred in refusing defendant's requested special issues on plaintiff's intoxication. 5) That the Trial Court erred in refusing defendant's requested definitions of "proper lookout" and "negligence", which added the word "sober" to the usual definition "ordinarily prudent person". 6) That the Trial Court should have granted a new trial because of the failure of one of the jurors to disclose on voir dire examination of the jury panel that he and his wife had previously made claims against defendant. 7) That the Trial Court erred in not discharging the jury panel after plaintiff's counsel inquired of a member whether he had "ever been a claim agent for a big insurance company". 8) That the Trial Court erred in not discharging the jury panel after plaintiff outlined to them on voir dire examination defendant's defenses as alleged in defendant's pleadings. 9) That the verdict was excessive.

Defendant's first three points are levelled at the jury's findings that plaintiff did not fail to keep a proper lookout, and that he did not attempt to cross the street outside of the marked walkway for pedestrians. Defendant contends that these findings are both against the great weight and preponderance of the evidence and that the first finding is in addition, contrary to the undisputed evidence.

In our opinion, the evidence, when viewed most favorably in support of the jury findings, as we must view it, does not show that plaintiff was as a matter of law guilty of contributory negligence, or that the findings are against the great weight and preponderance of the evidence. See: Lang v. Henderson, 147 Tex. 353, 215 S.W. 2d 585; Little Rock Furniture Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985; Dallas Rail-

way & Terminal Co. v. Tucker, Tex.Civ. App., 280 S.W.2d 600. The record reflects that one witness saw plaintiff coming from the north curb of Pacific, walking south, and within the pedestrian crosswalk, with the green light with him, when the defendant's bus, without stopping, came down Pearl and made a righthand turn from Pearl into Pacific, knocking plaintiff down and west out of the crosswalk and running over his legs with its front wheel. Another witness saw plaintiff walking up the sidewalk like any ordinary person would; that he stepped off the curb to cross the street, in the pedestrian walk, and while the light was green; and that the bus ran into him from behind as he was going across the street in the crosswalk. It is further reflected that all the traffic had stopped on each side of the crosswalk as the plaintiff started to go across the street. The bus did not sound its horn and sort of ran up behind plaintiff and knocked him out of the crosswalk; that the light was green for plaintiff; that the bus knocked him unconscious and ran over his legs.

From the foregoing and from the record as a whole, consisting of some 655 pages, we think that there was reasonable basis for the jury to conclude that the plaintiff was not guilty of contributory negligence, both from the direct evidence and from the reasonable inferences therefrom.

Defendant's 4th point complains of the Trial Court's refusal to submit requested special issues on plaintiff's intoxication, while its 5th point contends that the Trial Court's definition of "negligence" and "proper lookout" should have included therein the word "sober".

In the case at bar the record reflects that the plaintiff had consumed a half pint of 40¢ wine, along with some crackers and bologna, some hour and a half before the accident; that one witness thought plaintiff was intoxicated; that a laboratory test of a specimen of plaintiff's blood indicated the presence of alcohol to the extent that some impairment of faculties might be observed; there was other testimony to the effect that plaintiff was not drunk; that plaintiff's actions and movements during the hour and a half prior to the accident were those of a sober man; and that the plaintiff was knocked unconscious by the bus which hit and ran over him.

On the state of the record detailed, the defendant contends that it was entitled to special issues inquiring whether plaintiff was intoxicated on the occasion in question; whether plaintiff attempted to cross the street while intoxicated; whether such was a failure to exercise ordinary care; and whether such was a proximate cause of the occurrence.

■ The Trial Court correctly refused to submit these issues. Evidence of intoxication is an evidentiary fact to be considered by the jury, or trier of facts, in determining whether or not a person is guilty of some act of contributory negligence. The jury had the right to consider the evidence of plaintiff's alleged intoxication along with all other material evidence and circumstances in determining the issue as to whether or not plaintiff failed to keep a proper lookout, or attempted to cross the street outside of the marked pedestrian crossway. It is our view that the Trial Court's refusal to submit the requested issues on intoxication was not error. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Paris & G. N. R. Co. v. Robinson, 104 Tex. 482, 140 S.W. 434; St. Louis S. F. & T. Ry. Co. v. Morgan, Tex.Civ.App., 220 S.W. 281; Scott v. Gardner, 137 Tex. 628, 156 S.W.2d 513, 141 A.L.R. 50; San Antonio P. S. Co. v. Fraser, Tex.Civ.App., 91 S.W.2d 948.

■ The Trial Court's definitions of "proper lookout" and "negligence" were correct definitions. Defendant was not entitled to have the word "sober" inserted between the words "ordinarily prudent" and "person". The Trial Court did not err in refusing the defendant's requested definitions.

■ Defendant's 6th point contends that the Trial Court should have granted a new trial because the juror *Atchley* failed to disclose on voir dire examination that he and his wife had previously made claims against defendant. Defendant contends that had juror Atchley made true disclosure of the fact of the previous claims against defendant that he would have exercised a peremptory challenge against such juror. It is evident from the record before us that juror Atchley had forgotten the claims in question—both claims were small and insignificant—one was settled for $90, the other claim was denied; both were some eleven years past. The record further shows that the juror Atchley not only was not prejudiced against defendant, but that he urged the award of the $12,500 verdict as against a $20,000 verdict which some members of the jury favored. There is no showing whatever that harm resulted to defendant; there is no exact record of just what *actual* questions were propounded to the jury panel or what *exact* answers were given by the juror in response thereto; and moreover, the facts of prior claims by the juror and his wife and all the details thereof were available to defendant from card index files kept by defendant on prior claimants. See Dossett v. Franklin Life Ins. Co., Tex.Com.App., 276 S.W. 1097.

We believe that Childers v. Texas Employers Ins. Ass'n, Tex., 273 S.W.2d 587, 588, is determinative of this point. In that case our Supreme Court said:

"The failure of the juror on his voir dire examination to disclose information that he had suffered previous injuries is not the test to be applied in this case, *unless * * * such action resulted in probable injury to the respondent * * * [and] unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.*"

We do not believe that defendant was deprived of a trial before a fair and impartial jury or that the error complained of resulted in the rendition of an improper judgment in the case. See also: Swartout v. Holt, Tex.Civ.App., 272 S.W.2d 756, W/E Ref. N.R.E; Coats v. Windham, Tex.Civ.App., 281 S.W.2d 207.

■ In its 7th point defendant contends that the Trial Court should have discharged the jury panel after plaintiff's counsel asked a juror if he had ever been a claim agent for a big insurance company. The juror had stated that he worked for *"North American"*. "North American" is a large insurance company and we cannot say that the jury panel should have been discharged because plaintiff's counsel asked that question. Insurance was not involved in this case and defendant's counsel could have asked for a jury instruction to disregard the question, and that insurance was not involved.

■ In its 8th point defendant contends that the Trial Court should have discharged the jury panel because plaintiff's counsel outlined to the members thereof defendant's defensive pleadings. The matter of voir dire examination of the jury panel is one in which a wide latitude is accorded. The extent of such examination is largely within the discretion of the Trial Court. Defendant has not showed where he has been injured in any manner whatsoever, and we fail to perceive any merit in this contention. See: Ft. W. & D. C. Ry. Co. v. Kiel, Tex.Civ.App., 195 S.W.2d 405, W/E Ref. N.R.E.

■ Defendant's last point contends that the damages awarded plaintiff are excessive. The award of $12,500 included $2,200 medical bills, $2,000 future medical bills, loss of past and future earnings and pain and suffering. The record disclosed that plaintiff's injuries were very serious and very painful. It is the jury's duty to reconcile all the evidence tendered as to the pecuniary loss sustained by the plaintiff. There is no showing in this record

of passion or prejudice, or of any fact that the verdict is excessive. See: Dallas Ry. & Terminal Co. v. Tucker, Tex.Civ.App., 280 S.W.2d 600; Bayshore Bus Lines v. Cooper, Tex.Civ.App., 223 S.W.2d 77, W/E Ref. N.R.E; Hawkins v. Collier, Tex.Civ. App., 235 S.W.2d 528.

From what has been said it follows that the judgment of the Trial Court is in all things affirmed.