**HOME INTERIORS & GIFTS, INC., Appellant,**

v.

**Jesus VELIZ, Appellee.**

**No. 13–86–162–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1986.

William L. Hubbard, Adams, Graham & Jenkins, Harlingen, for appellant.

Roger Reed and A.A. Munoz, II, Flores, Sanchez, Viduarri & Munoz, McAllen, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant complains of the trial court's granting a motion for prejudgment interest which was filed after an appeal of the case had been completed.

On March 21, 1984, appellee obtained judgment against appellant for $2,109,456, with interest at 10% per annum for the date of rendition of the judgment. Only appellant appealed. On April 30, 1985, this Court reformed the judgment by deleting the sum of $13,936 for "loss of earnings in the past" and as reformed, affirmed the judgment. The Supreme Court refused appellant's application for writ of error, n.r.e., and this Court's mandate was issued on December 3, 1985. *Home Interiors & Gifts, Inc. v. Veliz*, 695 S.W.2d 35 (Tex. App.—Corpus Christi 1985, writ ref'd n.r. e.). On December 4, 1985, appellee filed a "motion for prejudgment interest" which was granted by the trial court.

In points of error five and six, appellant claims appellee waived any claim to prejudgment interest by failing to object to its not being included in the trial court's judgment and in not preserving such claim for appellate review. In addition, in point of error two, appellant contends that the trial court did not have jurisdiction to enter a new judgment because of "changed circumstances."

We agree with appellant on these points and reverse the trial court's judgment.

In *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), the Supreme Court held for the first time that prejudgment interest can be recovered in a personal injury case. The court acknowledged that this was a departure from previous case law and provided that "our holding in this case applies to all future cases as well as those still in the judicial process involving wrongful death, survival and personal injury actions."

Appellee argues that the above-quoted statement preempts all rules of procedure promulgated by the Supreme Court with respect to finality of judicial decrees and judgments on a one-time basis, regardless of what the procedural history or posture of the case. We do not perceive *Cavnar* as painting with such a broad brush.

In *Sanchez v. Schindler*, 651 S.W.2d 249, 254 (Tex.1983), the Supreme Court used the same language as used in *Cavnar* in applying the new principle that a parent could recover damages for mental anguish suffered as a result of the death of a minor child. The Court in *Sanchez* cited several examples of its meaning of "cases still in the judicial process." In each example, the principle being changed was being asserted or was still capable of being asserted in the

normal course of the judicial process. *See Downs v. J.M. Huber Corp.*, 580 F.2d 794, 797 (5th Cir.1978) (held decision in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex.1978), was applicable to case tried and on appeal on date of decision); *Taggart v. Taggart*, 552 S.W.2d 422, 423 (Tex.1977) (decision in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976), applied to case on appeal at time of *Cearley* ); *Felderhoff v. Felderhoff*, 473 S.W.2d 928, 933 (Tex.1971) (decision applied to causes of action arising since the accident in the case).

 In *Houston Lighting & Power Co. v. Reynolds*, 712 S.W.2d 761 (Tex.App.—Houston [1st Dist.] 1986, writ requested), appellant requested prejudgment interest for the first time in a motion for rehearing on appeal. In overruling the request the court said:

> The language "still in the judicial process" may well have been included to insure that the decision would apply to all cases on appeal in which the trial court refused to grant prejudgment interest and the error was properly preserved. As a general rule where the appellees fail to except to a judgment or in any way inform the court of their dissatisfaction with the judgment entered, the complaint is waived. *Portwood v. Buckalew*, 521 S.W.2d 904, 922 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r. e.).

*Id.* at 774. We agree with this analysis of the language in *Cavnar*.

Likewise, we hold the trial court lacked jurisdiction to consider the motion for prejudgment interest. The district court's order granting prejudgment interest imposed an obligation to pay not previously existing. *McGehee v. Epley*, 661 S.W.2d 924, 925–26 (Tex.1983). The trial court lost plenary jurisdiction to modify the judgment after the expiration of thirty days from the signing of judgment, absent a timely filed motion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 808 (Tex.1983); Tex.R.Civ.P. 329b. Any action taken after the expiration of thirty days is a nullity. *Jackson*, 660 S.W.2d at 808.

We sustain appellant's points of error two, five, and six. We decline to discuss appellant's other points of error. Tex.R. App.P. 90.

The judgment of the trial court granting prejudgment interest is reversed and we render that appellee take nothing.