SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, et al., Appellants,

v.

Carlos R. LUNA, Sr., et al., Appellees.

No. 13–84–214–CV.

Court of Appeals of Texas, Corpus Christi.

March 18, 1987.

W.T. Womble, Houston, for appellants.

Ernest H. Cannon, Thomas M. Stanley, Houston, for appellees.

Before NYE, C.J., and BENAVIDES and SEERDEN, JJ.

## OPINION

SEERDEN, Justices.

The Supreme Court has remanded this case so that points previously raised by appellant relating to factual sufficiency of

the evidence on certain matters may be determined. In addition, appellees have filed a motion for prejudgment interest. We affirm the trial court's judgment and deny the motion for prejudgment interest.

A complete statement of the facts in this case is found in our original opinion. *Southern Pacific Transportation Co. v. Luna,* 707 S.W.2d 113 (Tex.App.—Corpus Christi 1985), *rev'd.* 724 S.W.2d 383 (Tex. 1987).

Southern Pacific urges by its ninth point of error that the trial court erred in entering a judgment upon an answer to a special issue in which the jury found that $50,000 would compensate Christopher Luna for conscious physical pain and mental anguish he suffered before his death. Christopher Luna was four years old at the time of the accident. He survived for two weeks after the accident and was paralyzed during that period.

■ In Texas, only pain consciously suffered and experienced is compensable. *Burrous v. Knotts,* 482 S.W.2d 358 (Tex. Civ.App.—Tyler 1972, no writ); *Sharpe v. Munoz,* 256 S.W.2d 890 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). *Cf. Port Terminal Railroad Association v. Sweet,* 640 S.W.2d 362, 366 (Tex.App.—Waco 1982), *aff'd,* 653 S.W.2d 291 (Tex.1983). We will review the sufficiency of the evidence in accordance with the guidelines set forth in *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986).

Jeff Koym testified that he was approximately 25 to 30 feet from the railroad track when the accident occurred. He went to the accident site immediately and saw an unconscious little boy in the front seat of the Luna vehicle. Mr. Luna testified that he saw his son two days after the accident. The doctors informed him that his son was "in pretty bad shape." The child was lying in a bed unable to move. Luna testified that sometimes the child would open his eyes when Luna went near him.

Medical records admitted into evidence showed that the child had no responsive respirations, no response to painful stimuli and no spontaneous movements. The hospital death summary said that the child did not progress or improve neurologically after the accident.

■ The evidence before the jury presented a scenario in which objective medical testimony showed that the child was not responsive. However, Luna's testimony was that the child was responsive to him at least to a degree during his last weeks. Luna's testimony that the child responded by opening his eyes is certainly some evidence that the child was conscious. Although we cannot know what anguish Christopher was experiencing during this period, we believe the evidence is sufficient to support the jury's finding. Appellant's ninth point of error is overruled.

Appellant contends by its eleventh point of error that there is insufficient evidence to support the jury's finding that Southern Pacific's conduct was grossly negligent. In its sixteenth point of error, it argues that there was insufficient evidence to support the exemplary damage award.

When reviewing evidence of gross negligence, we use the test set forth in *Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex. 1981). In determining whether there is some evidence of the jury's finding of gross negligence, the reviewing court must look at all of the surrounding facts, circumstances and conditions, not just individual elements or facts. *Id.* at 922. Texas courts define "gross negligence" as that entire want of care which would raise the belief that the act or omission complained of was the result of a conscious indifference to the rights or welfare of the person or persons to be affected by it. *Id.* at 920; *Ford Motor Co. v. Nowak,* 638 S.W.2d 582 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

■ The defendant's state of mind distinguishes gross negligence from negligence. State of mind may be inferred from the defendant's actions. *Williams v. Steves Industries, Inc.,* 699 S.W.2d 570 (Tex.1985). The Supreme Court has continued to emphasize the "conscious indifference" component of gross negligence in recent decisions. *See id.* at 573; *International Armament Corp. v. King,* 686

S.W.2d 595 (Tex.1985); *Trenholm v. Ratcliff,* 646 S.W.2d 927 (Tex.1983). In *Williams,* the court described the test for gross negligence as both objective and subjective. A plaintiff may prove gross negligence by proving that the defendant had actual subjective knowledge that his conduct created an extreme degree of risk. A plaintiff may objectively prove a defendant's gross negligence by proving that under the surrounding circumstances a reasonable person would have realized that his conduct created an extreme degree of risk to the safety of others. *Id.* at 573. "Conscious indifference," as defined by the Supreme Court, denotes a decision in the face of an impending harm to another party, not to care about the consequences of the act which may ultimately lead to that harm. *Id.*

■ Punitive damages may be awarded against a corporation or principal because of an act of an agent if (a) the principal authorized the doing and the manner of the act, or (b) the agent was unfit and the principal was reckless in employing him, or (c) the agent was employed in a managerial capacity and was acting in the scope of employment, or (d) the employer or a manager of the employer ratified or approved the act. *King v. McGuff,* 149 Tex. 432, 234 S.W.2d 403, 405 (1950); *Missouri Pacific Railroad Co. v. Dawson,* 662 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Robert Patterson testified that he was in charge of the signals at the East Bernard crossing at the time of the accident. He testified that he received notice in February 1980 from the State that it wanted to put in a warning device at the Ray Street crossing. He said he understood that the State's determination that the Ray Street crossing should be targeted for an automatic signal meant that the crossing was more dangerous than other crossings. Patterson acknowledged that even though the railroad knew the crossing was more dangerous, it did nothing to protect the public.

Ronald Benjamin Jeffries, a signal engineer for Southern Pacific, testified that he was responsible for construction of automatic signals in Wharton County since 1979. He said that he made a preliminary inspection with the State around May 1980. Jeffries said that the railroad concurred with the State that there was a need for an automatic warning device at the Ray Street crossing. According to Jeffries, the railroad could have made the crossing safer to the public prior to the installation of automatic crossing signals by requiring the trains to slow down at the intersections. Jeffries agreed that one sheet of paper, coming from railroad management, could slow down every train at that crossing.

There was also evidence that the Ray Street project was placed on the program as part of nearly one hundred projects. It is not unusual for a project like this to take between eighteen and twenty-four months. John Dodson, supervisor of the railroad section for the Texas Department of Highways & Public Transportation, opined that there was nothing about the Ray Street crossing which necessitated its advancement on the priority system.

■ We have reviewed all of the evidence and find that there is sufficient evidence to support the jury's finding of gross negligence.

■ Southern Pacific also complains that the jury's award of exemplary damages is not supported by the evidence. We look to the factors set forth in *Alamo National Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex. 1981), to determine whether the award of exemplary damages is reasonable. These factors include: (1) the nature of the wrong, (2) the character of the conduct involved, (3) the degree of culpability of the wrongdoer, (4) the situation and sensibilities of the parties concerned, and (5) the extent to which such conduct offends a public sense of justice and propriety. *Id.* at 910. We have previously found the evidence sufficient to support a gross negligence finding against the railroad. Likewise, we have considered all of the factors set forth in *Kraus* and find the evidence sufficient to support the award of exemplary damages.

By points of error 5(a) and 6, Southern Pacific claims that the evidence did not support the jury's affirmative answers to the special issues which found that its failure to have automatic signal lights in operation was negligent and a proximate cause of the accident. The Supreme Court's opinion shows that Southern Pacific waived these points at oral argument. We adhere to our original holding that Southern Pacific had no duty to install automatic signal lights.

Appellee, by motion for judgment of prejudgment interest, requests this Court to allow prejudgment interest in the amount of $31,273.49.

In *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex.1985), the Supreme Court held that prejudgment interest can be recovered in a personal injury case. The *Cavnar* holding applies to all future cases as well as those still in the judicial process. *Id.* at 556. *Cavnar* was handed down June 5, 1985. In this case, Plaintiffs' Second Amended Petition was filed February 6, 1984. In it, the Lunas pled that they "recover interest upon the judgment from the date it is rendered by the court, and for such other further relief, general and special, legal and equitable, to which they may show themselves justly entitled." The final judgment was signed February 27, 1984. On appeal to this Court, appellee raised no cross points of error complaining of the trial court's failure to award prejudgment interest. Admittedly, all of these events preceded *Cavnar.* However, this Court issued its opinion and judgment on December 19, 1985. After the motion for rehearing was overruled on April 10, 1986, an application for writ of error was filed with the Supreme Court. No request for prejudgment interest was made. On January 7, 1986, the Supreme Court remanded this case to us for a determination of the factual sufficiency points.

We agree with the analysis of the court in *Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d 761 (Tex.App.—Houston [1st Dist.] 1986, writ granted), in which the court disallowed prejudgment interest requested for the first time in a motion for rehearing on appeal. The court said:

> The language "still in the judicial process" may well have been included to insure that the decision would apply to all cases on appeal in which the trial court refused to grant prejudgment interest and the error was properly preserved. As a general rule where the appellees fail to except to a judgment or in any way inform the court of their dissatisfaction with the judgment entered, the complaint is waived. *Portwood v. Buckalew,* 521 S.W.2d 904, 922 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.).

*Id.* at 774.

In *Reynolds,* the court denied the request for prejudgment interest, stating it had no authority to reform a judgment of the trial court on a point of error raised for the first time in a motion for rehearing. Likewise, in *Washington v. Walker County,* 708 S.W.2d 493 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.), the court held that a request for prejudgment interest included for the first time on appeal in a motion for rehearing came too late to be considered, even though appellant had requested such relief from the trial court.

*Texas Industries, Inc. v. Lucas,* 715 S.W.2d 683 (Tex.App.—Houston [14th Dist.] 1986, writ requested), presents a fact situation similar to this case. There, the court held that a request for prejudgment interest following a remand to the appellate court came too late. The court cites several reasons for its decision including lack of pleadings and failure to preserve the issue by point of error. *But see Allright, Inc. v. Pearson,* 711 S.W.2d 686 (Tex.App.—Houston [1st Dist.] 1986, writ requested). The court, in *Lucas,* said denial of prejudgment interest was also proper because the Supreme Court remanded that case for the limited purpose of passing on the sufficiency of the evidence to support the jury's findings of negligence. *Id.* at 688.

■ We hold that appellee's request for prejudgment interest on remand comes too late. *See Home Interiors & Gifts, Inc. v.*

*Veliz,* 725 S.W.2d 295 (Tex.App.—Corpus Christi, 1986).

The judgment of the trial court in favor of the Lunas is affirmed. Appellees' motion for prejudgment interest is denied.

BENAVIDES, J., not participating.