COURT OF 
APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-107-CV
 
 
CARMEN BORTH, INDIVIDUALLY                                            APPELLANT
AND ON BEHALF OF THE ESTATE
OF BLAKE BORTH, DECEASED,
AND AS NEXT FRIEND OF TARL
BORTH, ELIZABETH BORTH, AND
RICHARD BORTH, MINOR CHILDREN 
 
V.
 
CHARLEY’S CONCRETE COMPANY,                                         APPELLEES
INC. AND CHRIS L. GULLETT
 
 
------------
 
FROM THE 236TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        A 
concrete truck owned by Charley’s Concrete Company, Inc. and driven by Chris 
L. Gullett struck and killed Blake Borth as he rode his bike. Appellant Carmen 
Borth filed a negligence suit against the Company and Gullett seeking wrongful 
death damages for herself and the couple’s three minor children and seeking 
survival damages on behalf of her husband’s estate. See Tex. Civ. Prac. & Rem. Code Ann. 
§§ 71.002(b), .021(b) (Vernon 1997). The trial court granted a traditional and 
no-evidence summary judgment for the Company and Gullett. Carmen perfected this 
appeal and raises a single issue claiming that the trial court erred by granting 
summary judgment. We reverse and remand.
II. Standard of 
Review
        A. 
No-Evidence Motion
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(i). 
The motion must specifically state the elements for which there is no evidence. Id.; 
Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 2002). The 
trial court must grant the motion unless the nonmovant produces summary judgment 
evidence that raises a genuine issue of material fact. See Tex. R. Civ. P. 166a(i) & cmt.; S.W. 
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).
        We 
review the evidence in the light most favorable to the party against whom the 
no-evidence summary judgment was rendered. Johnson, 73 S.W.3d at 197; Morgan 
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000). If the nonmovant brings forward 
more than a scintilla of probative evidence that raises a genuine issue of 
material fact, then a no-evidence summary judgment is not proper. Moore v. K 
Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 
Less than a scintilla of evidence exists when the evidence is "so weak as 
to do no more than create a mere surmise or suspicion" of a fact. See 
Wyatt v. Longoria, 33 S.W.3d 26, 31 (Tex. App.—El Paso 2000, no pet.). 
More than a scintilla of evidence exists when the evidence rises to a level that 
would enable reasonable and fair-minded people to differ in their conclusions. Id. 
at 31.
        B. 
Traditional Motion
        In 
reviewing a traditional summary judgment, we determine whether the movant 
sustained his burden of establishing that no genuine issue of material fact 
exists and his entitlement to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co., 73 S.W.3d at 215; City of Houston v. Clear Creek Basin Auth., 
589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all 
doubts about the existence of a genuine issue of material fact are resolved 
against the movant. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc, 
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins. 
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
Therefore, we must view the evidence and its reasonable inferences in the light 
most favorable to the nonmovant. Great Am., 391 S.W.2d at 47.
        A 
defendant is entitled to summary judgment only if the summary judgment evidence 
establishes, as a matter of law, that at least one element of a plaintiff’s 
cause of action cannot be established. Elliott-Williams Co. v. Diaz, 9 
S.W.3d 801, 803 (Tex. 1999). The defendant as movant must present summary 
judgment evidence that negates an element of the plaintiff’s claim. Centeq 
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). Once the defendant 
produces sufficient evidence to establish the right to summary judgment, the 
burden shifts to the plaintiff to come forward with competent controverting 
evidence raising a genuine issue of material fact with regard to the element 
challenged by the defendant. Id.
III. Genuine 
Issues of Material Fact Exist
        Appellees 
sought a no-evidence summary judgment on the ground that no evidence existed 
that their negligence proximately caused Blake’s death. See Tex. R. Civ. P. 166a(i). Appellees 
sought a traditional summary judgment on the grounds that Appellees conclusively 
established that Blake was the “sole cause” of the accident and conclusively 
established that no wrongful death or survival damages existed. See Tex. R. Civ. P. 166a.
        A. 
Negligence & Proximate Cause
        The 
police report of the accident was attached to, and specifically referenced in, 
Carmen’s summary judgment response. The police report indicates that several 
witnesses said Blake simply failed to yield the right-of-way to the concrete 
truck as it turned and rode into the side of the truck. Other witnesses said, 
however, that the concrete truck was too large to maneuver the right turn it was 
attempting.
        One 
witness stated that when the concrete truck turned right, the truck’s right 
rear tandem tires ran over the curb, catching the victim’s handlebars and 
pulling the cyclist under the truck’s rear tires. One witness said that the 
back tire of the victim’s bicycle was still on the curb when the truck struck 
it. The police investigator at the scene wrote that “the victim was laying 
just south of the intersection itself . . . with the head to the east in the 
street itself, and the feet up on the curved curb.” And police found “black 
residue, believed to be rubber from a tire, as well as some small crushed rocks 
on top of the sidewalk in the middle of the curved area very near the curb and 
the body” and photographed “the black scrape marks and the crushed rocky 
material on the sidewalk.” Police documented that a section of rubber on the 
inside edge of the rear-most inside right tire “appeared to be scraped 
partially off the tire, with a flap of rubber hanging from the sidewall of the 
tire.” Another Officer documented that “there was evidence of the rear tires 
of the concrete truck having run over the southeast curbline.” Blake died at 
the scene as a result of the injuries he sustained. Viewing this evidence in the 
light most favorable to Carmen, a genuine issue of material fact exists as to 
whether Gullett negligently turned the Company’s concrete truck so that its 
back right wheels ran over the curb and struck Blake, proximately causing his 
death, and more than a scintilla of evidence exists that Gullett, and 
consequently, the Company, negligently caused Blake’s death.
        Appellees 
contend that admissions deemed against Carmen establish that Blake was the 
“sole cause” of the accident, entitling them to summary judgment. The 
admissions Appellees point to, however, at most merely show that Blake was 
contributorily negligent. See Tex. 
Civ. Prac. & Rem. Code Ann. §§ 33.001, .003, .012 (Vernon 1997 
& Supp. 2004) While these admissions could be construed as entitling 
Appellees to submission of Blake’s contributory negligence, they do not 
establish that Appellees were not negligent. In light of the summary judgment 
evidence outlined above, viewed in the light most favorable to Carmen, more than 
a scintilla of probative evidence exists raising a genuine issue of material 
fact concerning Appellees’ negligence, Appellees did not conclusively negate 
this element of Carmen’s claim, and Appellees did not establish their right to 
summary judgment as a matter of law on Carmen’s negligence claim.
        B. 
Survival Damages
        A 
decedent's personal injury action survives death and may be prosecuted on his 
behalf. Tex. Civ. Prac. & Rem. Code 
Ann. § 71.021(a). The purpose of the Texas Survival Act is to continue a 
decedent's cause of action beyond death to redress decedent's estate for 
decedent's injuries. Russell v. Ingersoll-Rand Co., 795 S.W.2d 243, 245 
(Tex. App.—Houston [1st Dist.] 1990), aff’d, 841 S.W.2d 
343 (Tex. 1992). The actionable wrong in a survival action is that which the 
decedent suffered before death. Russell, 841 S.W.2d at 345; Felan v. 
Ramos, 857 S.W.2d 113, 118 (Tex. App.—Corpus Christi 1993, writ denied). 
The damages recoverable are those that the decedent sustained while alive. Russell, 
841 S.W.2d at 345. Any recovery obtained flows to those who would have received 
it had the decedent obtained a damages recovery immediately prior to death. Id. 
Thus, the heirs or legal representatives of a decedent's estate may recover for 
the physical pain, suffering, and property damage sustained by the decedent 
before death, as well as for medical expenses and other damages. Martinez v. 
Angerstein, 517 S.W.2d 811, 815-16 (Tex. Civ. App.—Corpus Christi 1974, 
writ dism'd).
        A 
party may establish the existence of conscious pain and suffering by
circumstantial 
evidence. Landreth v. Reed, 570 S.W.2d 486, 492 (Tex. Civ. 
App.—Texarkana 1978, no writ). Pain and suffering may be inferred or presumed 
as a consequence of severe injuries. City of Austin v. Selter, 415 S.W.2d 
489, 501 (Tex. Civ. App.—Austin 1967, writ ref’d n.r.e.). Only pain 
consciously suffered and experienced is compensable. Southern Pac. Transp. 
Co. v. Luna, 730 S.W.2d 36, 38 (Tex. App.—Corpus Christi 1987, no writ).
        Appellees 
claim that no evidence exists of conscious pain and suffering by Blake. 
Witnesses said that when the side of the concrete truck struck Blake his bicycle 
handlebars became lodged in the rear right tire area and he was pulled under the 
truck. The report from Appellees’ accident reconstruction expert explains that 
“[t]he bicycle became entangled with Unit 1 [the truck], dragging pedalcyclist 
under wheels of Unit 1.” The concrete truck did not stop immediately. 
Witnesses waived and honked at the concrete truck to stop. When the truck 
stopped, according to the police report, bystanders saw Blake breathing. A 
police officer on the scene said he could not tell whether Blake was breathing, 
but “did, however[,] feel the victim ‘twitch’ in the torso area.”
        The 
autopsy indicated that, “visible upon initial inspection is a large open wound 
to the inner right thigh and another large open would to the inside of the right 
arm at the elbow. The head has bruising and abrasions.” The cause of death was 
listed as “multiple blunt force injuries.” Viewing this evidence and its 
reasonable inferences in the light most favorable to the nonmovant, Carmen, more 
than a scintilla of probative evidence exists raising a genuine issue of 
material fact concerning whether Blake suffered conscious pain and suffering as 
he was pulled under the truck, Appellees did not conclusively negate this 
element of the survival claim, and Appellees did not establish their right to 
summary judgment as a matter of law on the survival claim.
        C. 
Wrongful Death Damages
        Appellees 
contend that Carmen failed to come forward with any evidence of wrongful death 
damages because neither she nor the children expected any financial 
contributions from Blake; Blake was not going to provide Carmen or the children 
with any advice or care because he left them; Blake had no medical expenses 
because he died at the scene; Carmen’s deposition fails to show she can meet 
the stiff threshold necessary to obtain loss of inheritance damages; Blake had 
not “provided any society” for his family, and no evidence exists that he 
would have changed and provided society in the future. Carmen testified in her 
deposition that she married Blake in 1985, he fathered her three children, and 
he left them in 1989. Carmen saw Blake only twice after 1989. She said she loved 
Blake and that Blake did not want a divorce.
        Appellees 
deposed Blake’s minor children. His oldest child testified that “when I 
turned 18, I was going to search to find him so I could maybe have a 
relationship with my father. And I can’t do that now.” His second child 
testified that “[i]f he were still alive today, we could go fishing and he 
could take me to wherever, like to the park or whatever.” Blake’s son 
testified that he “would just like to have had a relationship with him [Blake] 
throughout life” and that he had a hope of something in the future.
        Recovery 
for loss of affection and society in a wrongful death action fulfills a deeply 
felt social belief that a tortfeasor who negligently kills someone should not 
escape liability completely, no matter how unproductive his victim. Roberts 
v. Williamson, 111 S.W.3d 113, 120 (Tex. 2003 ) (quoting Borer v. Am. 
Airlines, Inc., 563 P.2d 858, 865 (Cal. 1977)); see also Cavnar v. 
Quality Control Parking, Inc., 696 S.W.2d 549, 551 (Tex. 1985) (reiterating 
that injuries to the familial relationship are compensable), abrogated on 
other grounds by Johnson v. Higgins, 962 S.W.2d 507 (Tex. 1998); Sanchez 
v. Schindler, 651 S.W.2d 249, 252 (Tex. 1983) (“injuries to the familia[l] 
relationship are significant injuries and are worthy of compensation”). The 
law and mankind place a high value on human life, and consequently courts are 
unwilling to promote death over life. See Miller ex rel. Miller v. HCA, Inc., 
118 S.W.3d 758, 768 (Tex. 2003); Wyatt, 33 S.W.3d at 30. Moreover, the 
natural right existing between parents and their children is of constitutional 
dimensions. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985).
While 
all family members enjoy a mutual interest in consortium, the parent-child 
relationship is undeniably unique and the wellspring from which other family 
relationships derive. It is the parent-child relationship which most deserves 
protection and which, in fact, has received judicial protection in the past. 
(citations omitted).
 
The 
loss of a parent's love, care, companionship, and guidance can severely impact a 
child's development and have a major influence on a child's welfare and 
personality throughout life.
 
Reagan 
v. Vaughn, 804 S.W.2d 463, 466 (Tex. 1990) (quoting Villareal v. State, 
774 P.2d 213, 217 (Ariz. 1989)).
        The 
children’s testimony raises a genuine issue of material fact for the jury to 
resolve concerning the loss of care, society, affection, companionship and 
mental anguish suffered by the children as a result of Blake’s death. Because 
of the high value that the law and mankind place on human life and on the 
parent-child relationship, and because a child has only one biological father, 
here Blake, evidence of the permanent destruction of this relationship, the 
children’s loss of the ability to ever know their father, and the mental 
anguish suffered by the children as a result of this loss, may support an award 
of some amount of monetary wrongful death damages to the children. See 
Martinez v. Graves, No. 04-02-00114-CV, 2003 WL 21466962, at *3 (Tex. 
App.—San Antonio June 25, 2003, pet. denied) (not designated for publication) 
(holding zero damage award against great weight of evidence in mother’s 
wrongful death suit despite evidence son left home three years earlier and 
rarely visited). Accordingly, viewing the summary judgment evidence in the light 
most favorable to the children, more than a scintilla of probative evidence 
exists raising a genuine issue of material fact concerning the children’s 
wrongful death damages. Appellees did not conclusively establish that the 
children suffered no damages from the death of their father. Consequently, 
Appellees did not establish their right to summary judgment as a matter of law 
on the children’s wrongful death claims.
        Concerning 
Carmen’s wrongful death damages, the fact that Blake did not reside with 
Carmen or support her at the time of his death does not as a matter of law 
preclude her from recovering damages for his death. See Gulf, C. & S. F. 
Ry. Co. v. Saint, 204 S.W. 1021, 1022 (Tex. Civ. App.—Austin 1918, writ 
dism’d); Houston & T.C.R. Co. v. Bryant, 72 S.W. 885, 888 (Tex. Civ. 
App. 1903). Instead, the jury may take into consideration the probability of a 
reconciliation. Saint, 204 S.W. at 1022; Bryant, 72 S.W. at 888.[1]  Likewise, the fact that Blake did not reside with 
Carmen or support her at the time of his death does not conclusively establish 
as a matter of law that Carmen suffered no mental anguish damages as a result of 
his death. Accord Martinez, 2003 WL 21466962, at *3. Here, taking the 
summary judgment evidence in the light most favorable to Carmen, more than a 
scintilla of probative evidence exists raising a genuine issue of material fact 
concerning her wrongful death damages. Appellees did not conclusively establish 
that Carmen suffered no damages from the death of her husband. Consequently, 
Appellees did not establish their right to summary judgment as a matter of law 
on Carmen’s wrongful death claims.
IV. Conclusion
        Viewing 
the summary judgment evidence in the light most favorable to Carmen and the 
children, there is more than a scintilla of probative evidence raising a genuine 
issue of material fact concerning Appellees’ negligence, damages recoverable 
by Blake’s estate, wrongful death damages suffered by the children, and 
wrongful death damages suffered by Carmen. Accordingly, the trial court erred by 
granting a no-evidence summary judgment. See Tex. R. Civ. P. 166a(i). Concerning 
Appellees’ traditional summary judgment motion, Appellees did not conclusively 
negate any element of Carmen’s and the children’s claims. Consequently, 
Appellees did not establish their right to summary judgment as a matter of law. 
Moreover, viewing the summary judgment evidence and the reasonable inferences 
therefrom in the light most favorable to Carmen and the children, genuine issues 
of material fact exist on each element raised by Appellees as a ground for 
summary judgment. We sustain Carmen’s issue, reverse the trial court’s 
summary judgment, and remand this case for trial.
 
 
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
CAYCE, C.J., dissents without 
opinion.
 
DELIVERED: May 20, 2004

 
NOTES
1.  
In Bryant, the railroad requested the following charge:
If, 
from the evidence, you believe that the plaintiff, Lila Bryant, widow of Will 
Bryant, voluntarily abandoned her husband with the fixed purpose of never 
returning to him, and wholly repudiated the relation of wife to Will Bryant, and 
had determined not to receive any benefits or aid from him had he lived, then 
his death, under such circumstances, inflicted no injury upon her, and 
consequently, though you may believe Will Bryant's death was the result of 
negligence on the part of the defendant, no recovery can be had by her.
 
72 
S.W. at 888. The court of appeals held, “The charge was properly refused. It 
was a clear invasion of the right of the jury to pass upon the facts, and 
determine whether the wife was damaged by the death of her husband.” Id.