BORTH V. CHARLEYS CONCRETE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-107-CV

CARMEN BORTH, INDIVIDUALLY APPELLANT

AND ON BEHALF OF THE ESTATE

OF BLAKE BORTH, DECEASED, 

AND AS NEXT FRIEND OF TARL

BORTH, ELIZABETH BORTH, AND

RICHARD BORTH, MINOR CHILDREN 

V.

CHARLEY’S CONCRETE COMPANY, APPELLEES

INC. AND CHRIS L. GULLETT 

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

A concrete truck owned by Charley’s Concrete Company, Inc. and driven by Chris L. Gullett struck and killed Blake Borth as he rode his bike.  Appellant Carmen Borth filed a negligence suit against the Company and Gullett seeking wrongful death damages for herself and the couple’s three minor children and seeking survival damages on behalf of her husband’s estate.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 71.002(b), .021(b) (Vernon 1997).  The trial court granted a traditional and no-evidence summary judgment for the Company and Gullett.  Carmen perfected this appeal and raises a single issue claiming that the trial court erred by granting summary judgment.  We reverse and remand.

II.
  Standard of Review

A.  No-Evidence Motion

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002). We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).  
Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact.  
See Wyatt v. Longoria
, 33 S.W.3d 26, 31 (Tex. App.—El Paso 2000, no pet.).  
More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.  
Id. 
at 31.

B.  Traditional Motion

In reviewing a traditional summary judgment, we determine whether the movant sustained his burden of establishing that no genuine issue of material fact exists and his entitlement to judgment as a matter of law.  
Tex. R. Civ. P.
 
166a(c); 
S.W. Elec. Power Co., 
73 S.W.3d at 215; 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
S.W. Elec. Power Co., 
73 S.W.3d at 215;
 Rhone-Poulenc, Inc. v. Steel,
 997 S.W.2d 217, 223 (Tex. 1999); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.
, 391 S.W.2d at 47.

A defendant is entitled to summary judgment only if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff’s cause of action cannot be established.  
Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999).  The defendant as movant must present summary judgment evidence that negates an element of the plaintiff’s claim. 
Centeq Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).  Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element challenged by the defendant.  
Id.

III.  Genuine Issues of Material Fact Exist

Appellees sought a no-evidence summary judgment on the ground that no evidence existed that their negligence proximately caused Blake’s death.  
See
 
Tex. R. Civ. P.
 166a(i)
.  Appellees sought a traditional summary judgment on the grounds that Appellees conclusively established that Blake was the “sole cause” of the accident and conclusively established that no wrongful death or survival damages existed.  
See
 
Tex. R. Civ. P
. 166a.

A.  Negligence & Proximate Cause

The police report of the accident was attached to, and specifically referenced in, Carmen’s summary judgment response.  The police report indicates that several witnesses said Blake simply failed to yield the right-of-way to the concrete truck as it turned and rode into the side of the truck. Other witnesses said, however, that the concrete truck was too large to maneuver the right turn it was attempting.

One witness stated that when the concrete truck turned right, the truck’s right rear tandem tires ran over the curb, catching the victim’s handlebars and pulling the cyclist under the truck’s rear tires.  One witness said that the back tire of the victim’s bicycle was still on the curb when the truck struck it.  The police investigator at the scene wrote that “the victim was laying just south of the intersection itself . . . with the head to the east in the street itself, and the feet up on the curved curb.”  And police found “black residue, believed to be rubber from a tire, as well as some small crushed rocks on top of the sidewalk in the middle of the curved area very near the curb and the body” and photographed “the black scrape marks and the crushed rocky material on the sidewalk.”  Police documented that a section of rubber on the inside edge of the rear-most inside right tire “appeared to be scraped partially off the tire, with a flap of rubber hanging from the sidewall of the tire.”  Another Officer documented that “there was evidence of the rear tires of the concrete truck having run over the southeast curbline.”  Blake died at the scene as a result of the injuries he sustained.  Viewing this evidence in the light most favorable to Carmen, a genuine issue of material fact exists as to whether Gullett negligently turned the Company’s concrete truck so that its back right wheels ran over the curb and struck Blake, proximately causing his death, and more than a scintilla of evidence exists that Gullett, and consequently, the Company, negligently caused Blake’s death.

Appellees contend that admissions deemed against Carmen establish that Blake was the “sole cause” of the accident, entitling them to summary judgment.  The admissions Appellees point to, however, at most merely show that Blake was contributorily negligent.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 §
§ 33.001, .003, .012 (Vernon 1997 & Supp. 2004)  While these admissions could be construed as entitling Appellees to submission of Blake’s contributory negligence, they do not establish that Appellees were not negligent.  In light of the summary judgment evidence outlined above, viewed in the light most favorable to Carmen, more than 
a scintilla of probative evidence exists raising a genuine issue of material fact
 concerning Appellees’ negligence, Appellees did not conclusively negate this element of Carmen’s claim, and Appellees did not establish their right to summary judgment as a matter of law on Carmen’s negligence claim.

B.  Survival Damages

A decedent's personal injury action survives death and may be prosecuted on his behalf.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 71.021(a). The purpose of the Texas Survival Act is to continue a decedent's cause of action beyond death to redress decedent's estate for decedent's injuries.  
Russell v. Ingersoll-Rand Co.
, 795 S.W.2d 243, 245 (Tex. App.—Houston [1
st
 Dist.] 1990), 
aff’d
, 841 S.W.2d 343 (Tex. 1992).  The actionable wrong in a survival action is that which the decedent suffered before death. 
 Russell
, 841 S.W.2d at 345; 
Felan v. Ramos, 
857 S.W.2d 113, 118 (Tex. App.—Corpus Christi 1993, writ denied).  The damages recoverable are those that the decedent sustained while alive.  
Russell
, 841 S.W.2d at 345
. 
 Any recovery obtained flows to those who would have received it had the decedent obtained a damages recovery immediately prior to death.  
Id.
 Thus, the heirs or legal representatives of a decedent's estate may recover for the physical pain, suffering, and property damage sustained by the decedent before death, as well as for medical expenses and other damages.  
Martinez v. Angerstein
, 517 S.W.2d 811, 815-16 (Tex. Civ. App.—Corpus Christi 1974, writ dism'd).

A party may establish the existence of conscious pain and suffering by 

circumstantial evidence.  
Landreth v. Reed
, 570 S.W.2d 486, 492 (Tex. Civ. App.—Texarkana 1978, no writ).  Pain and suffering may be inferred or presumed as a consequence of severe injuries.  
City of Austin v. Selter
, 415 S.W.2d 489, 501 (Tex. Civ. App.—Austin 1967, writ ref’d n.r.e.).  Only pain consciously suffered and experienced is compensable.  
Southern Pac. Transp. Co. v. Luna
, 730 S.W.2d 36, 38 (Tex. App.—Corpus Christi 1987, no writ).

Appellees claim that no evidence exists of conscious pain and suffering by Blake.  Witnesses said that when the side of the concrete truck struck Blake his bicycle handlebars became lodged in the rear right tire area and he was pulled under the truck.  The report from Appellees’ accident reconstruction expert explains that “[t]he bicycle became entangled with Unit 1 [the truck], dragging pedalcyclist under wheels of Unit 1.”  The concrete truck did not stop immediately.  Witnesses waived and honked at the concrete truck to stop.  When the truck stopped, according to the police report, bystanders saw Blake breathing.  A police officer on the scene said he could not tell whether Blake was breathing, but “did, however[,] feel the victim ‘twitch’ in the torso area.” The autopsy indicated that, “visible upon initial inspection is a large open wound to the inner right thigh and another large open would to the inside of the right arm at the elbow.  The head has bruising and abrasions.”  The cause of death was listed as “multiple blunt force injuries.”  Viewing this evidence 
and its reasonable inferences in the light most favorable to the nonmovant
, Carmen, more than 
a scintilla of probative evidence exists raising a genuine issue of material fact
 concerning whether Blake suffered conscious pain and suffering as he was pulled under the truck, Appellees did not conclusively negate this element of the survival claim, and Appellees did not establish their right to summary judgment as a matter of law on the survival claim.

C.  Wrongful Death Damages

Appellees contend that Carmen failed to come forward with any evidence of wrongful death damages because neither she nor the children expected any financial contributions from Blake; Blake was not going to provide Carmen or the children with any advice or care because he left them; Blake had no medical expenses because he died at the scene; Carmen’s deposition fails to show she can meet the stiff threshold necessary to obtain loss of inheritance damages; Blake had not “provided any society” for his family, and no evidence exists that he would have changed and provided society in the future.  Carmen testified in her deposition that she married Blake in 1985, he fathered her three children, and he left them in 1989.  Carmen saw Blake only twice after 1989.  She said she loved Blake and that Blake did not want a divorce.

Appellees deposed Blake’s minor children.  His oldest child testified that “when I turned 18, I was going to search to find him so I could maybe have a relationship with my father.  And I can’t do that now.”  His second child testified that “[i]f he were still alive today, we could go fishing and he could take me to wherever, like to the park or whatever.”  Blake’s son testified that he “would just like to have had a relationship with him [Blake] throughout life” and that he had a hope of something in the future.

Recovery for loss of affection and society in a wrongful death action fulfills a deeply felt social belief that a tortfeasor who negligently kills someone should not escape liability completely, no matter how unproductive his victim.  
Roberts v. Williamson
, 111 S.W.3d 113, 120 (Tex. 2003 ) (quoting 
Borer v. Am. Airlines, Inc.
, 563 P.2d 858, 865 (Cal. 1977)); 
see also Cavnar v. Quality Control Parking, Inc.
, 696 S.W.2d 549, 551 (Tex. 1985) (reiterating that injuries to the familial relationship are compensable),
 abrogated on other grounds by Johnson v. Higgins
, 962 S.W.2d 507 (Tex. 1998); 
Sanchez v. Schindler
, 651 S.W.2d 249, 252 (Tex. 1983) (“injuries to the familia[l] relationship are significant injuries and are worthy of compensation”).  The law and mankind place a high value on human life, and consequently courts are unwilling to promote death over life.  
See Miller ex rel. Miller v. HCA, Inc.
, 118 S.W.3d 758, 768 (Tex. 2003); 
Wyatt
, 33 S.W.3d at 30.  Moreover, the natural right existing between parents and their children is of constitutional dimensions. 
Holick v. Smith
, 685 S.W.2d 18, 20 (Tex. 1985).

While all family members enjoy a mutual interest in consortium, the parent-child relationship is undeniably unique and the wellspring from which other family relationships derive.  It is the parent-child relationship which most deserves protection and which, in fact, has received judicial protection in the past.  (citations omitted).  

The loss of a parent's love, care, companionship, and guidance can severely impact a child's development and have a major influence on a child's welfare and personality throughout life.

Reagan v. Vaughn
, 804 S.W.2d 463, 466 (Tex. 1990) (quoting 
Villareal v. State
, 774 P.2d 213, 217 (Ariz. 1989)).

The children’s testimony raises a genuine issue of material fact for the jury to resolve concerning the loss of care, society, affection, companionship and mental anguish suffered by the children as a result of Blake’s death. Because of the high value that the law and mankind place on human life and on the parent-child relationship, and because a child has only one biological father, here Blake, evidence of the permanent destruction of this relationship, the children’s loss of the ability to ever know their father, and the mental anguish suffered by the children as a result of this loss, may support an award of some amount of monetary wrongful death damages to the children.  
See Martinez v. Graves
, No. 04-02-00114-CV, 2003 WL 21466962, at *3 (Tex. App.—San Antonio June 25, 2003, pet. denied) (not designated for publication) (holding zero damage award against great weight of evidence in mother’s wrongful death suit despite evidence son left home three years earlier and rarely visited). Accordingly, viewing the summary judgment evidence in the light most favorable to the children, more than 
a scintilla of probative evidence exists raising a genuine issue of material fact
 concerning the children’s wrongful death damages.  Appellees did not conclusively establish that the children suffered no damages from the death of their father.  Consequently, Appellees did not establish their right to summary judgment as a matter of law on the children’s wrongful death claims.

Concerning Carmen’s wrongful death damages, the fact that Blake did not reside with Carmen or support her at the time of his death does not as a matter of law preclude her from recovering damages for his death.  
See Gulf, C. & S. F. Ry. Co. v. Saint, 
204 S.W. 1021
, 
1022
 
(Tex. Civ. App.—Austin 1918, writ dism’d); 
Houston & T.C.R. Co. v. Bryant
, 72 S.W. 885, 888 (Tex. Civ. App. 1903).  Instead, the jury may take into consideration the probability of a reconciliation. 
 Saint
, 204 S.W. at 1022; 
Bryant
, 72 S.W. at 888.
(footnote: 1)  Likewise, the fact that Blake did not reside with Carmen or support her at the time of his death
 does not conclusively establish as a matter of law that Carmen suffered no mental anguish damages as a result of his death.  
Accord Martinez
, 2003 WL 21466962, at *3.  
Here, taking the summary judgment evidence in the light most favorable to Carmen, more than 
a scintilla of probative evidence exists raising a genuine issue of material fact
 concerning her wrongful death damages. Appellees did not conclusively establish that Carmen suffered no damages from the death of her husband.  Consequently, Appellees did not establish their right to summary judgment as a matter of law on Carmen’s wrongful death claims.

IV.  Conclusion

Viewing the summary judgment evidence in the light most favorable to Carmen and the children, there is more than 
a scintilla of probative evidence raising a genuine issue of material fact
 concerning Appellees’ negligence, damages recoverable by Blake’s estate, wrongful death damages suffered by the children, and wrongful death damages suffered by Carmen.  Accordingly, the trial court erred by granting a no-evidence summary judgment.  
See
 
Tex. R. Civ. P.
 166a(i).  Concerning Appellees’ traditional summary judgment motion, Appellees did not conclusively negate any element of Carmen’s and the children’s claims.  Consequently, Appellees did not establish their right to summary judgment as a matter of law.  Moreover, viewing the summary judgment evidence and the reasonable inferences therefrom in the light most favorable to Carmen and the children, genuine issues of material fact exist on each element raised by Appellees as a ground for summary judgment.  We sustain Carmen’s issue, reverse the trial court’s summary judgment, and remand this case for trial.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

CAYCE, C.J., dissents without opinion.

DELIVERED: May 20, 2004

FOOTNOTES
1:
In 
Bryant
, the railroad requested the following charge:  

If, from the evidence, you believe that the plaintiff, Lila Bryant, widow of Will Bryant, voluntarily abandoned her husband with the fixed purpose of never returning to him, and wholly repudiated the relation of wife to Will Bryant, and had determined not to receive any benefits or aid from him had he lived, then his death, under such circumstances, inflicted no injury upon her, and consequently, though you may believe Will Bryant's death was the result of negligence on the part of the defendant, no recovery can be had by her.

72 S.W. at 888.  The court of appeals held, “The charge was properly refused.  It was a clear invasion of the right of the jury to pass upon the facts, and determine whether the wife was damaged by the death of her husband.”  
Id.