

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LARRY DAVIS INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF MATTHEW DEWAYNE SMITH, DECEASED, | § § § § | No. 08-12-00313-CV Appeal from the |
| Appellant, | § | 109th District Court |
| v. | § | of Andrews County, Texas |
| RODGER CLIFTON BILLS, JR., AND BIG D CONSTRUCTION CO., LTD., | § § | (TC#18,798) |
| Appellees. | | |

**O P I N I O N**

Appellant, Larry Davis, individually and as the representative of the estate of Matthew Dewayne Smith, appeals the trial court's order dismissing his lawsuit against Appellees, Rodger Clifton Bills Jr., and Big D Construction Co., Ltd. for lack of jurisdiction. For the reasons set forth below, we affirm.

**BACKGROUND**

On or about February 27, 2012, Matthew Dewayne Smith was killed when he struck a tractor trailer that was improperly stopped across a highway in Andrew County, Texas.[1] On April

---

[1] Appellee, Rodger Clifton Bills, Jr. was the driver of the tractor trailer that was owned by Appellee, Big D Construction Co.

2, 2012, Appellant, the decedent's grandfather, filed suit against Appellees. In relevant part, Appellant's original petition stated:

**IV.**

Plaintiff brings this suit to recover damages for personal injuries sustained by MATTHEW DEWAYNE SMITH, DECEASED in a motor vehicle collision…which collision was proximately caused by the negligence of the Defendants.

…

**V.**

At the time and on the occasion in question, Defendants were negligent of various acts and omissions, which negligence was the proximate cause of the occurrence in question.

**VI.**

Plaintiff sues for loss of consortium and mental anguish as a cause of action for the loss of the affection and society of MATTHEW DEWAYNE SMITH to LARRY DAVIS, in the past, and in reasonable probability, will continue to suffer same in the future, as a result of Defendants' negligence for which Plaintiff sues.

**VII.**

Defendant BIG D CONSTRUCTION COMPANY, LTD. is negligent and liable because it entrusted Defendant, RODGER CLIFTON BILLS, JR., with the use and operation of the vehicle, and Plaintiff pleads that Defendant BIG D CONSTRUCTION COMPANY, LTD. is liable under negligent entrustment and/or *respondeat superior* theories.

In an amended answer filed on August 8, 2012, Appellees asserted that Appellant's suit was barred because Appellant did not have legal capacity to sue and that he was not entitled to recover from Appellees in the capacity in which he filed suit.

On August 20, 2012, Appellees filed a motion titled, "Plea to the Jurisdiction, Special Exception and Motion for Dismissal." Appellees point out in the motion that Appellant's original petition alleged only Wrongful Death Act[2] damages and that Appellant lacked capacity to sue for

---

[2] *See* TEX.CIV.PRAC. & REM. CODE ANN. §§ 71.001-.012 (West 2008) (the "Wrongful Death Act").

2

and recover such damages as the decedent's grandfather.[3]  Appellant did not file a response to Appellees' plea, special exception, and motion.   On September 18, 2012, the trial court conducted a hearing on Appellees' Plea to the Jurisdiction and after hearing the parties' arguments it took the issue under advisement.   On September 20, 2012, the trial court entered an order granting Appellees' plea and motion and dismissed Appellant's cause of action with prejudice.   The trial court determined it did not have jurisdiction over Appellant's claims because Appellant lacked capacity to file suit as the decedent's grandfather.

On October 22, 2012, Appellant moved for a new trial and to modify or correct the judgment.   On November 9, 2012, Appellant supplemented his motion and attached an unauthenticated, file-stamped copy of the order appointing him administrator of his grandson's estate on April 23, 2012.   After a hearing, the trial court denied Appellant's motion.   This appeal followed.

## DISCUSSION

In a single issue, Appellant argues that the trial court erred in dismissing his case as it had jurisdiction over his claims.   Appellees respond that the trial court properly dismissed the lawsuit because Appellant lacked standing because in his pleadings, (1) he only asserted a wrongful-death cause of action on his own behalf; and (2) he failed to assert a cause of action on behalf of the decedent's estate.

### Standard of Review and Applicable Law

A plea to the jurisdiction challenges a trial court's authority to decide the subject matter jurisdiction of a specific cause of action.   *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d

---

[3] In their motion, Appellees alleged that although they believed Appellant may have acted as the managing conservator of the decedent during his minority, Appellant never formally adopted his grandson.

217, 225-26 (Tex. 2004); *Dallas Fort Worth Int'l Airport Bd. v. Cox*, 261 S.W.3d 378, 386 (Tex.App. – Dallas 2008, no pet.). Whether the trial court has subject matter jurisdiction is a question of law that we review *de novo*. *Miranda*, 133 S.W.3d at 226. In reviewing a grant or denial of a plea to the jurisdiction, we consider the plaintiff's pleadings, construed in the plaintiff's favor, and any evidence relevant to the jurisdictional issue without considering the merits of the claim beyond the extent necessary to determine jurisdiction. *Miranda*, 133 S.W.3d at 226; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff bears the burden to plead facts affirmatively establishing the trial court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded an opportunity to amend. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Miranda*, 133 S.W.3d at 226-27. However, if the pleadings affirmatively negate the existence of the trial court's jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

Subject matter jurisdiction is fundamental to the trial court's authority to decide a case, and implicit in the concept of that jurisdiction is standing. *Tex. Air Control Bd.*, 852 S.W.2d at 443. A party must have both standing to sue and capacity to sue. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A party has standing when he is personally aggrieved, regardless of whether he is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether he has a justiciable interest in the controversy. *Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). In determining whether a plaintiff has standing, we construe the petition in favor of the plaintiff, and if necessary,

4

review the entire record to determine if any evidence supports standing. *Tex. Air Control Bd.*, 852 S.W.2d at 446. We review the issue of standing *de novo*. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004). If a party lacks standing to bring an action, the trial court lacks subject matter jurisdiction. *Texas Air Control Bd.*, 852 S.W.2d at 444-45.

We review an order on a motion to dismiss *de novo*. *Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex.App. – San Antonio 2003, pet. denied).

*Application*

Appellant first argues that the trial court's dismissal order should be reversed because it grants more relief than was requested as Appellees did not allege that his appointment as representative of his grandson's estate was improper or void. He further argues that Appellees' motion sought only a dismissal of his individual claims under the Wrongful Death Act and not any of the estate's claims. In reply, Appellees maintain Appellant asserted only a wrongful-death cause of action on his own behalf and did not assert any cause of action on behalf of the estate. We agree with Appellees.

**Wrongful Death and Survival Causes of Action**

Wrongful death actions and survival actions are separate and distinct causes of action. *Landers v. B.F. Goodrich Co.*, 369 S.W.2d 33, 35 (Tex. 1963). Under the Texas Wrongful Death Act "[a] person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE ANN. § 71.002(b) (West 2008). The decedent's surviving spouse, children, and parents are the statutory beneficiaries for purposes of bringing a wrongful death action. *Id*. § 71.004(a). The Wrongful Death Act seeks to compensate

the decedent's statutory beneficiaries for their loss of future care, maintenance, and support. *Russell v. Ingersoll-Rand Co.*, 795 S.W.2d 243, 247 (Tex.App. – Houston [1st Dist.] 1990), *aff'd*, 841 S.W.2d 343 (Tex. 1992). Wrongful death statutory beneficiaries are also entitled to recover damages for loss of companionship and mental anguish. *See Elliott v. Hollingshead*, 327 S.W.3d 824, 834 (Tex.App. – Eastland 2010, no pet.).

Under the Texas Survival Act, a decedent's heirs, legal representatives, and estates may bring actions for personal injuries the decedent sustained prior to his death. TEX. CIV. PRAC. & REM. CODE ANN. § 71.021 (West 2008). The purpose of the survival act is to continue the decedent's cause of action beyond death to redress the decedent's estate for the injuries the decedent suffered while alive. *Borth v. Charley's Concrete Co.*, 139 S.W.3d 391, 395 (Tex.App. – Fort Worth 2004, pet. denied). A decedent's heirs or legal representatives of his estate may recover for physical pain and suffering, property damage sustained prior to the decedent death, medical expenses and other damages sustained before the decedent's death. *Id.* To file a survival action, the claimant must plead the elements of the decedent's cause of action and his authority to prosecute the suit on the estate's behalf. *Coffey v. Johnson*, 142 S.W.3d 414, 417 (Tex.App. – Eastland 2004, no pet.).

Under both the wrongful death and survival statutes, the claimant must prove a death and the occurrence of a wrongful act. *Mayer v. Willowbrook Plaza Ltd. Partnership*, 278 S.W.3d 901, 909 (Tex.App. – Houston [14th Dist.] 2009, no pet.). If the alleged wrongful act is negligence, the claimant must establish that the defendant's negligent act or omission was a substantial factor in bringing about the decedent's death, and without it, the death of the decedent would not have occurred. *See Colombia Medical Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 246 (Tex.

2008) (citing *IHS Cedars Treatment Ctr. of Desoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798-99 (Tex. 2004)).

In his original petition, Appellant did not allege that he was the personal representative of the decedent's estate. The only allegation regarding Appellant's capacity to sue individually and as representative of the decedent's estate is found in the caption and preamble of the petition. According to Appellant's petition, Appellees were negligent of various acts and omissions which proximately caused the decedent's death, and that Appellee Big D Construction was negligent in entrusting the vehicle to Appellee Rodger Clifton Bills Jr., and Appellee Big D Construction was liable under the doctrines of negligent entrustment and/or *respondeat superior*. Appellant alleged that he sought to recover personal injury damages sustained by the decedent as a result of Appellees' negligence, but Appellant did not set forth which damages if any, were being sought on his own behalf or on behalf of the estate.[4] Appellant further alleged that as a result of Appellees' negligence, he was suing "for loss of consortium and mental anguish as a cause of action for the loss of the affection and society" of the decedent.

The allegations in Appellant's petition are premised on a negligence cause of action yet they set forth only wrongful-death type damages suffered by Appellant due to the loss of affection and society of the decedent. *See Elliott*, 327 S.W.3d at 834 (loss of companionship and mental anguish are damages that can be recovered under wrongful death act). To advance a wrongful death claim, a plaintiff must be a surviving spouse, child, or parent of the decedent. TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (West 2008). The record reflects that Appellant is the decedent's grandfather and that he was the managing conservator of his grandson during his

---

[4] The elements of a cause of action for negligence are: (1) a legal duty; (2) breach of that duty; and (3) damages proximately caused by the breach. *IHS Cedars*, 143 S.W.3d at 798 (citing *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)).

minority. However, a person standing in *loco parentis* is not a child's parent for purposes of a wrongful death action. *See Taylor v. Parr*, 678 S.W.2d 527, 529 (Tex.App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.) (managing conservators and foster parents were not parents under the wrongful death statute); *Robinson v. Chiarello*, 806 S.W.2d 304, 310-11 (Tex.App. – Fort Worth 1991, writ denied) (holding that aunt and uncle who stood in *loco parentis* and were neither the natural or legal adoptive parents of the deceased were barred as a matter of law from recovering under wrongful death statute). Thus, Appellant is not a statutory beneficiary who can recover for his grandson's death under the Wrongful Death Act and thus, lacked capacity to file suit. *See id.*; TEX. CIV. PRAC. & REM. CODE ANN. § 71.004 (West 2008).

Although Appellant argues that the trial court dismissed the claims he brought on behalf of the estate, he does not identify or explain which claims or damages pertained to the estate, nor do we find any such claims or damages asserted related to a survival cause of action in his original petition. *See Coffey*, 142 S.W.3d at 417 (claimant must plead elements of the decedent's survival cause of action and his authority to prosecute the suit on the estate's behalf). In short, Appellant's pleadings allege that the decedent died as a result of a car crash, Appellees were negligent, and that Appellant filed suit for loss of consortium and mental anguish as a cause of action for the loss of affection and society of the decedent. These allegations state only claims for the loss of consortium and mental anguish of Appellant as the decedent's grandfather. The original petition does not allege any claims or damages on behalf of the estate. Therefore, without regard to whether Appellant's asserted claims have merit, and having construed the petition in Appellant's favor, we conclude that the trial court did not err in granting Appellees' plea to the jurisdiction because as the decedent's grandfather, Appellant lacked capacity to assert the claims brought in

8

this suit and Appellant did not assert any claims on behalf of the estate of the decedent. *See Miranda*, 133 S.W.3d at 226; *Brown*, 80 S.W.3d at 555.

Next, Appellant argues Appellees utilized an impermissible device to allege lack of capacity. Appellant asserts that had Appellees filed a motion for summary judgment, the burden to prove capacity to bring claims on behalf of the estate would have shifted to him, but that did not occur. According to Appellant, Appellees failed to put capacity at issue procedurally by filing a motion to dismiss, and that as a result, the motion to dismiss amounted to a general demurrer which is prohibited under Texas Rule of Civil Procedure 90. *See* TEX.R.CIV.P. 90. However, we note that one month prior to the hearing, Appellees had filed a motion urging special exceptions along with the plea to the jurisdiction which raised the Appellant's lack of capacity. As Appellees correctly point out, a plea to the jurisdiction is an appropriate vehicle for challenging the trial court's subject matter jurisdiction. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (the absence of subject matter jurisdiction may be challenged by a plea to the jurisdiction and by other procedural vehicles, such as a summary judgment motion). Moreover, Appellees challenged Appellant's legal capacity to sue in the verified pleading they filed on August 8, 2012. *See Lovato*, 171 S.W.3d at 849 (noting that a party's capacity must be challenged by a verified pleading in the trial court).

Lastly, Appellant contends Appellees are judicially estopped from changing their argument because their motion to dismiss sought only the dismissal of his individual claims under the Wrongful Death Act. The doctrine of judicial estoppel prevents a party from taking up a position that is inconsistent with a position that it successfully maintained in a prior proceeding. *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008). The purpose behind

the doctrine "is to prevent the use of intentional self-contradiction as a means of obtaining unfair advantage" and "to prevent parties from playing fast and loose with the judicial system for their own benefit." *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009); *Pleasant Glade*, 264 S.W.3d at 6 (quoting *Andrews v. Diamond, Rash, Leslie & Smith*, 959 S.W.2d 646, 650 (Tex.App. – El Paso 1997, writ denied)).

However, Appellant cannot prevail on its judicial estoppel claim because Appellees' arguments are not inconsistent with the arguments they made to the trial court. In both their August 8 amended answer and "Plea to the Jurisdiction, Special Exception and Motion for Dismissal," Appellees alleged Appellant lacked capacity to bring suit and that he was not entitled to any recovery in the capacity he attempted to sue Appellees. Moreover, in their plea to the jurisdiction and motion to dismiss, Appellees assert that Appellant's original petition alleged only wrongful death damages as a result of the decedent's injuries and death. Likewise, at the hearing on the plea to the jurisdiction and motion to dismiss, Appellees argued that Appellant sued only for wrongful-death type damages and that as the decedent's grandfather, he lacked capacity to sue. Moreover, when Appellant attempted to argue that Appellees misinterpreted his pleading and that the estate had a valid bystander claim, Appellees pointed out that the original petition did not contain any allegations to support such a claim. Appellees further argued the pleading did not contain anything which supported Appellant's argument that claims were being made on behalf of the estate or for survival damages. Appellees also noted that the bare bones of the pleading sought loss of consortium and mental anguish damages due to the loss of Appellant's grandson. Our review of the pleadings and the record leads us to conclude that Appellees did not intend to play fast and loose with the courts for their own benefit; on the contrary, Appellees consistently

held the position that Appellant lacked capacity to file suit.   Accordingly, the doctrine of judicial estoppel is inapplicable in this case.   Issue One is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.


ANN CRAWFORD McCLURE, Chief Justice

September 12, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.
Rivera, J., not participating

11